The **TEWA TESUQUE**, an unincorporated association, et al., Plaintiffs-Appellants,

v.

**Rogers C. B. MORTON**, Individually and as Secretary of the Interior of the United States, et al., Defendants-Appellees.

No. 73–1817.

United States Court of Appeals, Tenth Circuit.

June 12, 1974.

Rehearing Denied Aug. 5, 1974.

See also D.C., 360 F.Supp. 452.

Thomas E. Luebben, Jr., Native American Legal Defense & Education Fund, Inc., Albuquerque, N. M. (Richard L. Young, Native American Legal Defense & Education Fund, Inc., Albuquerque, N. M. on the brief), for appellants.

Edward J. Shawaker, Dept. of Justice, Washington, D. C. (Wallace H. Johnson, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., Albuquerque, N. M., Jacques B. Gelin, Dept. of Justice, Washington, D. C., on the brief), for Federal appellee.

Dick A. Blenden, Carlsbad, N. M., for Sangre de Cristo Development Co., Inc., appellee.

Before LEWIS, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

This is an appeal from dismissal of a class action brought by members of the Tewa Tesuque (Tewa) of the Pueblo of Tesuque (Pueblo), an Indian tribe, seeking damages and equitable relief against federal officials and for cancellation of a 99-year lease between the Pueblo and Sangre de Cristo Development Company (Sangre).

The Tewas' complaint alleged seven causes of action: (1) breach of trust by federal officials in negotiating and approving the lease; (2) violation of NEPA by failure to prepare an Environmental Impact Statement; (3) violation of 25 U.S.C.A. § 415 by federal officials; (4) illegality of the lease under other federal statutes and regulations; (5) violation of Tewas' civil rights under 42 U.S.C.A. §§ 1985 and 1988 and under the First and Fifth Amendments to the Constitution of the United States; (6) fraud by appellees in the negotiations for the lease; and (7) creation and maintenance of a public nuisance. The District Court dismissed the complaint for failure to join the Pueblo as an indispensable party and because of the sovereign immunity of the United States.

The appellants include 50 members of the Pueblo, each of whom are members of the Tewa, an unincorporated association of members of the Pueblo who are opposed to the 99-year lease granted to Sangre. Sangre, as lessee, entered into the 99-year lease with the Pueblo, as lessor, on April 17, 1970. By its terms Sangre obtained a lease on a 1,300 acre tract, Tract I, together with lease options on four other tracts consisting of 5,400 acres. Sangre intends to develop the land for residential, recreational and commercial purposes, resulting in a city of non-Indians with the projected population of about 17,000. The subdivision is laid out and designed around an 18-hole golf course. The lease was approved by the Secretary of the Interior on May 24, 1970, pursuant to 25 U.S.C.A. § 415a which grants wide discretion. The Pueblo is to receive a maximum rental of $20 per acre per year for the leased lands, effective in 1994. For the first twelve years of the lease, the Pueblo will receive $2.50 per acre.

The Tewa contend that the Pueblo is not an indispensable party to the action and that the doctrine of sovereign immunity does not bar this action against federal officials.

## I.

The Tewas' contention that the Pueblo is not an indispensable party is erroneous. An indispensable party is one whose interest will be affected by the judgment. As lessor of the lease agreement entered into with Sangre, the Pueblo will certainly be affected if the lease is cancelled. Therefore, it is an indispensable party. Further, the Pueblo may not be joined without its consent or the consent of Congress in light of its quasi-sovereign status.

Rule 19(b), Federal Rules of Civil Procedure, 28 U.S.C.A., prescribes four factors which must be considered in determining whether the trial court should dismiss for non-joinder of an indispensable party:

> . . . . first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In considering the first factor, we conclude that the Pueblo would be prejudiced by a judgment in its absence. If the lease is cancelled it would lose its rental income to be derived therefrom, together with employment opportunities for its members. With reference to the second factor, we hold that the above recited prejudice cannot be lessened if the lease is cancelled. Relating to the third factor, we hold that the judgment

sought herein would not be adequate in the Pueblo's absence because it may very likely invite additional lawsuits. Under the last factor, we hold that the Tewa has an adequate remedy available, i. e., bringing the dispute before the tribal council of the Pueblo for determination. This, we believe, is very critical in light of our well-established policy-rule that courts will not interfere with the internal workings of Indian tribes. Motah v. United States, 402 F.2d 1 (10th Cir. 1968); Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767 (10th Cir. 1963). An internal dispute such as this should be decided by the tribal council of the Pueblo and not by the courts.

The Tewa contend that the issue of indispensability of the Pueblo has been decided in Norvell v. Sangre de Cristo Development Company, Inc., 372 F.Supp. 348 (D.N.M.1974), and Davis v. Morton, 469 F.2d 593 (10th Cir. 1972). No final decision has been rendered in *Norvell* and, in any event, the case does not have the immediate effect of depriving the Pueblo of valuable rights under a contract. The *Davis* case held, under the same 99-year lease, that approvals of the lease would be enjoined until an environmental impact statement had been filed. The Court also held that approval of leases on federal lands constitutes major federal action. The suit did not, however, result in cancellation of the lease. *Davis* did not involve the issue of indispensability of the Pueblo. Any prayer for relief insofar as it relates to the allegations set forth in the second and third causes of action in the complaint, i. e., violation of NEPA by failure to prepare an Environmental Impact Statement and violation of 25 U.S.C.A. § 415 by federal officials, has been rendered moot by our decision in *Davis*. The Court did not err in dismissing the action for failure to join the Pueblo as an indispensable party.

## II.

In seeking injunctive relief and damages the Tewa contend that the doctrine of sovereign immunity does not bar this action against the designated federal officals because they acted beyond the scope of their authority in approving the lease.

 We hold that this suit against the named federal officials is in reality an unconsented suit against the United States barred by the doctrine of sovereign immunity. National Indian Youth Council, Intermountain Indian School Chapter v. Bruce, 485 F.2d 97 (10th Cir. 1973), appeal pending; McQueary v. Laird, 449 F.2d 608 (10th Cir. 1971). While it is well-settled that government officials may not rely on the defense of sovereign immunity when they act either beyond the scope of their statutory authority or unconstitutionally, we hold that the District Court did not err in holding that the discretionary acts of the appellees exercised in the case at bar are within the outer perimeter of their authority and that they are, accordingly, immune from suit. The Tewas' claim for injunctive and damage relief was properly denied.

 The Tewa contend that the Administrative Procedure Act applies and that sovereign immunity is not available as a defense where relief is sought thereunder. 5 U.S.C.A. §§ 701–706. It is fundamental that a party suing under the APA must have suffered a legal wrong because of agency action or inaction. The Tewa have not demonstrated that they are suffering a legal wrong in view of the fact that the Pueblo through its tribal council could have voluntarily filed suit had it determined that the lease should be cancelled. The APA does not provide a basis for review of governmental decisions where the doctrine of sovereign immunity bars suit. Rockbridge v. Lincoln, 449 F.2d 567 (9th Cir. 1971).

Affirmed.