**Starlie LOMAYAKTEWA et al.,
Plaintiffs-Appellants,
v.
Stanley K. HATHAWAY et al.,
Defendants-Appellees,
and
Arizona Public Service Company et al.,
Intervenors-Appellees.**

No. 73–2132.

United States Court of Appeals,
Ninth Circuit.

July 25, 1975.

Rehearing Denied Sept. 18, 1975

Robert S. Pelcyger (argued), Boulder, Colo., for plaintiffs-appellants.

Jacques B. Gelin, Atty. (argued), U. S. Dept. of Justice, Washington, D. C., Rex E. Lee (argued), Provo, Utah, for defendants-appellees.

OPINION

Before BROWNING and DUNIWAY, Circuit Judges, and ORRICK,* District Judge.

ORRICK, District Judge:

On June 6, 1966, the Hopi Tribe of Arizona leased to the Peabody Coal Com-

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

pany's predecessor in interest a strip of land for a term of ten years. The land, known as the Black Mesa, was owned jointly with the Navajo Indian Tribe.[1]

Appellants, "Kikmongwis" or village leaders of the "traditional Hopi"[2] (i. e., spiritualistic) faction, who brought this action in 1971 to void the lease, appeal from an order of the District Court of Arizona dismissing the action for the failure of appellants to join either the Hopi Tribe, the Navajo Tribe, or the United States as indispensable parties. For the reasons hereinbelow set forth, we affirm the order of the District Court dismissing the action.

■ At the heart of the controversy is the question whether the Hopi Tribe, the Navajo Tribe and the United States, or any of them, is an indispensable party to this action to cancel the lease under Rule 19(b) of the Federal Rules of Civil Procedure. Inasmuch as we hold that the Hopi Tribe, as lessor, is an indispensable party to the action and cannot be joined because of its sovereign immunity, we need not reach the question whether the Navajo Tribe and/or the United States are indispensable parties, nor whether their sovereign immunity attaches and prevents them from being joined in the event that they are determined to be indispensable parties to the lawsuit.

### I.

■ No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable. *Broussard v. Columbia Gulf Transmission Company,* 398 F.2d 885 (5th Cir. 1968); *Keegan v. Humble Oil & Refining Co.,* 155 F.2d 971 (5th Cir. 1946); *Tucker v. National Linen Service Corp.,* 200 F.2d 858 (5th Cir. 1953).

This principle declared by the Supreme Court more than a century ago in *Shields v. Barrow,* 17 How. 129, 15 L.Ed.

158 (1854), is codified in Rule 19 of the Federal Rules of Civil Procedure in pertinent part as follows:

"(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be

---

1. Peabody's predecessor in interest executed a similar lease in June, 1966, with the Navajo Indian Tribe.

2. They number 62 of a tribe of more than 5,000 Hopi Indians. Prior to oral argument Starlie Lomayaktewa dismissed his appeal.

adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) *Pleading Reasons for Nonjoinder.* A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined."

Thus, under Rule 19(a), we determine whether or not it is feasible to join the Hopi Indian Tribe, and under Rule 19(b) we apply the standards as to whether or not the Tribe is an indispensable party.

■ At the outset it should be noted that the Hopi Tribe, as a dependent, political, quasi-sovereign nation (*Groundhog v. Keeler,* 442 F.2d 674, 678 (10th Cir. 1971)), enjoys sovereign immunity and cannot be sued without its consent or the consent of the Congress. *Turner v. United States,* 248 U.S. 354, 358, 39 S.Ct. 109, 63 L.Ed. 291 (1919); *United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 512, 60 S.Ct. 653, 84 L.Ed. 894 (1940). In the case at bar, the plaintiffs, the traditional Hopis, have never suggested that Congress or the Hopi Tribe has consented to this suit against the Tribe. So, if it is determined that the Hopi Tribe is an indispensable party, the suit terminates because it cannot be sued without its consent, which it has not given.

We turn now to a consideration of the standards set forth in Rule 19(b) as to whether the Hopi Tribe is an indispensable party.

The first three factors to be considered by the Court in the application of Rule 19 all relate to the nature of the judgment which would be granted in the absence of the alleged indispensable party. The Court must consider first whether a person's absence might be prejudicial to him; second, the extent to which such prejudice can be lessened or avoided; and, third, whether a judgment rendered in the person's absence will be adequate. It seems perfectly obvious that a judgment rendered in the absence of the Hopi Tribe most surely would be prejudicial to it, for the royalties to be paid under the lease still amount to more than $20 million and cancellation of the lease would eliminate the employment of many of the Hopis. Furthermore, those who are already parties to this litigation will find themselves saddled with an obligation to make royalty payments under the lease notwithstanding the fact that as to them the lease has been held invalid so that they are not entitled to any benefits under it.

The second factor, "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided", is simply not present in this case. The traditional Hopi are attempting to deprive the Hopi Tribe of benefits under the lease on the order of tens of millions of dollars. They are attempting to do so in the absence of the Tribe. There is, thus, no way that the prejudice to the Tribe "can be lessened or avoided" by protective provisions in the judgment shaping relief or, indeed, any other measure.

The third factor is "whether a judgment rendered in the person's absence will be adequate". It is perfectly apparent that any judgment rendered in the Tribe's absence would not be adequate. The lease under attack is between the Hopi Tribe, as lessor, and the Peabody Coal Company, as assignee of the original lease. The Peabody Coal Company has been joined as a party defendant whereas the Hopi Tribe has not. The adverse effects of the invalidation of the lease will be visited upon the Hopi Tribe.

Finally, the fourth factor, "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder" is a factor weighing in the favor of the plaintiffs. If the Tribe is held to be an indispensable party, it still cannot be brought into the action by reason of its sovereign immunity, and the plaintiff thus does not have any forum to which it can resort in such event.

Thus, it becomes the duty of the Court to weigh the four prescribed factors and to make a judgment balancing the re-

spective interests. Here, it seems to us, that the adverse effects of a cancellation of the lease on the Hopi Tribe far outweigh the adverse effects visited upon the 62 dissident traditional Hopis by reason of the failure to provide another forum for them.

The judgment of the District Court is *affirmed.*