[No. 1509-3.    Division Three.    June 28, 1976.]

THEODORE STIGALL, ET AL, *Appellants*, v. COURTESY-
CHEVROLET-PONTIAC, INC., *Respondent*.

*Douglas D. Lambarth,* for appellants.

*Lloyd A. Eyrich,* for respondent.

McINTURFF, C.J.—Plaintiffs, Theodore, Bertie, and Roz-
etta Stigall appeal an order granting defendant, Courtesy-
Chevrolet-Pontiac, Inc., a new trial. We reverse.

Plaintiffs brought suit against defendant for its violation
of the Consumer Protection Act in failing to timely furnish
plaintiff with the registration to a vehicle they purchased.
The jury awarded plaintiffs $1,500 damages. The superior
court, upon defendant's motion, granted a new trial but
failed to give any reason for its action.

Defendant has not filed a brief. CAROA 41(3). This
results in appellate review being limited to determining if
plaintiffs' assignments of error present a prima facie show-
ing of error upon which we may grant relief. *Aquarian
Foundation v. KTVW, Inc.,* 11 Wn. App. 476, 523 P.2d 969
(1974).

■ Since the order granting the new trial does not comply with CR 59 (f),[1] it must be vacated. *State v. Collins*, 72 Wn.2d 741, 745, 435 P.2d 538 (1967).

■ Plaintiffs' contention that the superior court erroneously refused to instruct the jury that pursuant to RCW 19.86.140[2] plaintiffs were entitled to an award not to exceed $2,000 in addition to their damages for defendant's violation of RCW 19.86.020[3] is without merit. The parameters of a private individual's relief under the Consumer Protection Act are set forth in RCW 19.86.090,[4] *e.g.*, to enjoin viola-

---

[1] "(f) **Statement of Reasons.** In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied."

[2] RCW 19.86.140 provides in part:

"Every person who violates RCW 19.86.020 shall forfeit and pay a civil penalty of not more than two thousand dollars for each violation: *Provided*, That nothing in this paragraph shall apply to any radio or television broadcasting station which broadcasts, or to any publisher, printer or distributor of any newspaper, magazine, billboard or other advertising medium who publishes, prints or distributes, advertising in good faith without knowledge of its false, deceptive or misleading character.

"For the purpose of this section . . . the attorney general acting in the name of the state may petition for the recovery of civil penalties."

[3] "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

[4] "Any person who is injured in his business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided*, That such increased damage award for violation of RCW 19.86.020 may not exceed one

tions of the Consumer Protection Act, and to recover actual damages, costs of suit, and reasonable attorney's fees. Hence, the recipient of the civil penalty envisaged in RCW 19.86.140 is not a private individual, but rather the State.

This case is remanded to the superior court for reinstatement of the jury verdict and imposition of attorney's fees which adequately reflect the costs of plaintiffs' representation before this court and the superior court.

GREEN and MUNSON, JJ., concur.

Petitions for rehearing denied August 25, 1976.

---

thousand dollars. For the purpose of this section "person" shall include the counties, municipalities, and all political subdivisions of this state.

"Whenever the state of Washington is injured by reason of a violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, it may sue therefor in the superior court to recover the actual damages sustained by it and to recover the costs of the suit including a reasonable attorney's fee."