[No. 46435.   En Banc.   March 19, 1981.]

PAUL R. AUNGST, ET AL, *Appellants,* v. ROBERTS CONSTRUCTION CO., INC., ET AL, *Respondents.*

*Gould & Russo,* by *Robert B. Gould, Anthony C. Eitreim,* and *Douglas K. Barrett,* for appellants.

*Wilcox, Allendoerfer & Keithly, Inc., P.S.,* by *James H. Allendoerfer,* for respondents.

HICKS, J.—Here we consider whether a non–Indian company may, by a sophisticated business arrangement, avail itself of Indian tribal immunity from state court jurisdiction to shield itself from charges of statutory violations. We hold it may not.

Respondent Roberts Construction Co. (Roberts) owned or controlled land valued in excess of $1 million located within or adjacent to the Tulalip Indian Reservation. In May of 1977, Roberts transferred this real estate to the Tulalip Tribes of Washington (Tribe). Following the transfer, an agreement was struck between Roberts and the governing body of the Tribe whereby Roberts was to develop a camping club on the property and to promote and sell memberships in the club.

Improvements made on the land were eventually to become tribal property. Roberts was to furnish and supervise all labor. In order to avoid the state sales tax, the Tribe agreed to purchase all construction materials. Roberts then reimbursed the Tribe for the purchases.

To effectuate the agreement the Tulalips, under their tribal laws, incorporated the Port Susan Camping Club, retaining the power to review all of the club's actions. In selling memberships in the club, Roberts agreed to act as "agent for the Tribe" and to assume all promotion expenses and liabilities.

All proceeds from camp club membership sales were assigned to Roberts. Under the agreement, Roberts pays the Tribe 2 percent of such proceeds in excess of $3 million

and less than $8 million, and 3 percent of the proceeds which exceed $8 million. In addition, Roberts is to pay the Tribe 5 percent of any money obtained from nonclub uses of the transferred property.

Appellants purchased club memberships in July 1977. The membership agreements stated "[i]t is understood that the Club is franchised by the Tulalip Tribes, and that Roberts Construction Co., Inc. has a contract as agent for the Tribe to develop the Club and campsites and sell its memberships."

In January of 1979, appellants purported to bring a class action against Roberts. The class has never been certified. The complaint alleged violations of the Consumer Protection Act (RCW 19.86), and The Securities Act of Washington (RCW 21.20) and sought rescission, injunctive relief and damages. The allegations were based on purportedly false representations made by Roberts' salespersons regarding the the exclusivity of campsites and the opening date of the club. The Tribe was not named as a defendant.

The trial court dismissed the complaint for failure to state a claim and for failure to join an indispensable party. Appellants then filed an amended complaint which named the Tribe as a defendant.

The trial court determined that Roberts had acted as an agent for a disclosed principal, the Tulalip Indian Tribes. Following the general rule that, in a contractual setting, a complaint against the agent of a disclosed principal fails to state a claim, the trial court dismissed the amended complaint. *See Wright v. Merritt Realty Co.*, 148 Wash. 380, 268 P. 873 (1928); Restatement (Second) of Agency § 320 (1958).

As a further ground for dismissal, the trial court found that the Tribe was an indispensable party to the action not subject to the court's jurisdiction and, consequently, the action could not proceed. CR 19(b). Appellants appealed directly to this court and we reverse.

As a starting proposition, we note the rules governing an agent's liability differ depending upon the context of the

case. For example, the trial court followed the rule regarding agents of disclosed principals applicable to actions involving contractual rights. In a different vein, an agent, when sued for its own tortious act, may not avail itself of the immunities of its principal although it may have been acting at the direction of the principal. Restatement (Second) of Agency § 347 (1958). An agent who fraudulently misrepresents material facts is subject to liability even though the fraud occurs in a transaction made on behalf of the principal. *Lasman v. Calhoun, Denny & Ewing,* 111 Wash. 467, 468, 191 P. 409 (1920).

■ Be that as it may, we have held that this state's Consumer Protection Act created a cause of action not previously known to the common law. *Johnston v. Beneficial Management Corp. of America,* 85 Wn.2d 637, 640, 538 P.2d 510 (1975), overruled on other grounds, *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978); *see also Seaboard Sur. Co. v. Ralph Williams' Northwest Chrysler Plymouth, Inc.,* 81 Wn.2d 740, 743, 504 P.2d 1139 (1973). Consequently, we find it unnecessary to categorize allegations of violations of the Consumer Protection Act or The Securities Act of Washington as other than simply violations of those acts.

■ Under the act, the legislature has decreed that unless otherwise provided therein, *any* person injured by a violation of the Consumer Protection Act may bring a civil action under it. RCW 19.86.090, .170. Moreover, under RCW 19.86.140, *every* person who is liable to private parties for violations of RCW 19.86.020, .030 or .040 is also subject to a civil penalty if sought by the Attorney General. *Stigall v. Courtesy–Chevrolet–Pontiac, Inc.,* 15 Wn. App. 739, 740–41, 551 P.2d 763 (1976). The effect of these statutes and the liberal construction accorded the Consumer Protection Act by RCW 19.86.920 lead us to the conclusion that the legislature intended the act to have broad application. Appellants may bring their action against Roberts alone, regardless of its agency status. It was error, then, for the trial court to dismiss appellants' complaint on the

ground that Roberts was the agent of a disclosed principal. Our inquiry, however, does not end here.

The second ground for the trial court's dismissal of appellants' complaint was that the Tribe was an indispensable party to the action. Because the Tribe is immune to suit in the courts of this state (*Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56 L. Ed. 2d 106, 98 S. Ct. 1670 (1978); *North Sea Prods., Ltd. v. Clipper Seafoods Co.,* 92 Wn.2d 236, 595 P.2d 938 (1979)), it cannot be joined as a party. Appellants do not contest the Tribe's immunity and consequently joinder of the Tribe is not feasible under CR 19(a).

■ Whenever joinder of a party is not feasible, the court must determine whether in "equity and good conscience" the action should proceed or be dismissed. In case of dismissal the absent party is regarded as indispensable. CR 19(b). The label of "indispensable" is attached only after deciding whether, in equity and good conscience, the action can proceed. *E.g., Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968) (applying Fed. R. Civ. P. 19(b)); *LaHue v. Keystone Inv. Co.,* 6 Wn. App. 765, 496 P.2d 343 (1972).

In applying the "equity and good conscience" test, the court is directed to consider (1) to what extent a judgment rendered in the party's absence might be prejudicial to it or those already parties; (2) the extent to which the prejudice can be diminished in the judgment; (3) whether a judgment rendered in the parties' absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. CR 19(b). These factors are considered in light of the interests presented in each particular case. *See, e.g., Idaho ex rel. Evans v. Oregon,* 444 U.S. 380, 62 L. Ed. 2d 564, 100 S. Ct. 616 (1980); *Provident Tradesmens Bank & Trust Co., supra.*

In actions involving contractual rights, all parties to the contract are indispensable. *Lomayaktewa v. Hathaway,* 520 F.2d 1324 (9th Cir. 1975); *Tewa Tesuque v. Morton,* 498 F.2d 240 (10th Cir. 1974); *Ward v. Deavers,* 203 F.2d 72 (D.C. Cir. 1953). Here, only appellants and the Port Susan

Camping Club are parties to the membership contracts. Roberts was not. A judgment of rescission rendered in the absence of the club or the Tribe would obviously prejudice their rights under the membership contracts. *See Lomayaktewa v. Hathaway, supra* and *Tewa Tesuque v. Morton, supra.* The trial court apparently rested this portion of its decision, at least in part, on this factor and concluded a judgment rendered in the Tribe's absence would be either inadequate, prejudicial or both.

CR 19(b), however, directs the court to also consider the extent to which prejudice can be attenuated by the potential judgment and whether the plaintiffs will have an adequate remedy if the action is dismissed. In this instance, the federal courts may have no greater jurisdiction than the state courts, in which event appellants would have no remedy available to them if neither the state nor federal court will accept the case because the Tribe cannot be joined as a party. *Lomayaktewa v. Hathaway, supra; Tewa Tesuque v. Morton, supra.*

As noted above, however, appellants allege violations by Roberts of the Consumer Protection Act and The Securities Act of Washington. Regardless of their status as contracting parties, we hold that neither the Tribe nor the camping club must be joined as parties under appellants' allegations. It would seem a judgment rendered against Roberts, if such is found to be appropriate, would be adequate even if limited to those remedies available through the statutes alleged to have been violated. Rescission, in this instance, is not available to appellants because of the prejudice to nonjoinable parties, the Tribe, and the camping club. Thus, if the facts so warrant, it is possible in this case for the court to shape a judgment which would minimize any prejudice flowing to the Tribe or camping club from this litigation.

After considering all the factors included in CR 19(b), we hold there is no reason in equity and good conscience to dismiss appellants' complaint. It follows that the Tribe and

the camping club are not indispensable parties to this action.

Reversed and remanded for further proceedings not inconsistent with this opinion.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, and WILLIAMS, JJ., concur.