**UNITED STATES of America, ex rel Glen A. HALL, Michael A. Mapes, and Fred Tribble, Plaintiffs,**

v.

**TRIBAL DEVELOPMENT CORPORATION, a Wisconsin, John Does Corporation, John Does and Mary Does Roe, Individuals, Defendants.**

No. 93–C–494.

United States District Court, E.D. Wisconsin.

Feb. 28, 1996.

Steven C. Eggimann, Mark J. Vieno & Dean J. Dovolas, Meagher & Geer, Minneapolis, MN, for Plaintiffs.

John M. Peebles, Peebles & Evans, Omaha, NE, for Defendants.

## *OPINION AND ORDER*

CURRAN, District Judge.

Plaintiffs Glen A. Hall, Michael A. Mapes and Fred Tribble have brought this action on behalf of the United States pursuant to the *qui tam* provisions of 25 U.S.C. § 81 and 25 U.S.C. § 201. In their amended complaint the Plaintiffs seek recovery of money or other things of value, as set forth in 25 U.S.C. § 81; for recovery of money and/or civil forfeiture of money or other things of value associated with merchandise offered for sale and/or lease as provided in 25 U.S.C. § 264 and 25 C.F.R. Part 140, § 140.3; for the recovery of money and/or a penalty, as provided by 25 U.S.C. § 264 and 25 C.F.R. Part 140, § 140.3; and for the recovery of money and/or a penalty, as provided in 25 U.S.C. § 2713.

It is alleged in the amended complaint that Defendant Tribal Development Corporation (TDC), a corporation existing and organized

under the laws of the State of Wisconsin, was engaged in the business of leasing and/or selling equipment, supplies, and goods to the Menominee Indian Tribe of Wisconsin in connection with the tribe's gaming operations on its reservation located within the State of Wisconsin. The Plaintiffs further allege that TDC was not licensed as a trader to the Indian tribe in accordance with the provisions of 25 U.S.C. §§ 261–64 and the rules promulgated under 25 C.F.R. Part 140. The Plaintiffs further claimed that the agreements executed between TDC and the tribe were not executed nor approved and/or endorsed by the Secretary of the Interior and the Commissioner of Indian Affairs, as required by 25 U.S.C. § 81 and the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701–21. Following the transfer of this case from the United States District Court for the Third District of Minnesota, this court dismissed the action because the Plaintiffs had failed to establish standing. Plaintiffs appealed and the United States Court of Appeals for the Seventh Circuit affirmed but, upon rehearing, reversed and remanded the action for further proceedings. *United States Ex Rel Hall v. Tribal Development Corp.*, 49 F.3d 1208 (7th Cir.1995). Before the court is the Defendants' motion to dismiss for failure to join an indispensable party under Federal Rule of Civil Procedure 19, namely, the Menominee Indian Tribe of Wisconsin, for failure to state a claim under 25 U.S.C. § 81, for failure to state sufficient facts to allege a cause of action under 25 U.S.C. § 264, for failure to state a claim pursuant to 25 U.S.C. § 2713, and for lack of standing to bring an action under 25 U.S.C. § 2713.

Federal Rule of Civil Procedure 19 provides in relevant part that a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if the person claims interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest. If, however, that person cannot be made a party, the court must determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable. The court must consider the following factors: (1) to what extent the judgment rendered in the person's absence might be prejudicial to the person; (2) the extent to which by protective provisions in the judgment, by the shaping of relief or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Thus, the resolution of a question of joinder under Rule 19 involves a three step process. The court must first determine whether a person is necessary to the action and should be joined, if possible; second, whether the court has personal jurisdiction over the party; and third, whether the party is indispensable. *Keweenaw Bay Indian Community v. State*, 11 F.3d 1341, 1345 (6th Cir.1993).

It is quite clear that under Rule 19(a)(2)(i) the Menominee Indian Tribe is a necessary party. Because it is a party to the agreements alleged in the amended complaint, it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the [tribe's] absence may ... as a practical matter impair or impede the [tribe's] ability to protect that interest." Rule 19(a)(2)(i). "No procedural principle is more deeply embedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975), *cert. denied*, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976). Having found that the Menominee Tribe has a legally protected interest in the outcome of this litigation and is thus a necessary party, the court must determine whether the tribe should be joined. This lawsuit has been pending for a considerable amount of time and the Plaintiffs have been given an opportunity to amend their pleadings and to join additional parties but have not done so. It is further clearly established that the tribe cannot be

joined involuntarily because suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation. *Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe of Oklahoma,* 498 U.S. 505, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991). Having found that the tribe is necessary but cannot be joined, the court must determine whether the party is indispensable.

■ In *In re United States Ex Rel. Hall,* 825 F.Supp. 1422 (D.Minn.1993), *aff'd,* 27 F.3d 572 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1112, 130 L.Ed.2d 1076 (1995), the court found in parallel litigation involving approximately 40 suits against vendors who provided goods and services to Indian tribes that the cases must be dismissed for failure to join the Indian tribes which had been parties to the challenged contracts. It was held that the goods and services provided pursuant to the agreements were essential to the operation of the commercial casinos owned by the tribes and that a judgment avoiding those transactions would certainly be prejudicial to the interests of the casinos and their owners, the tribes.

"In a larger sense, the precedent set by rescission of transactions freely entered by the tribes would likely be extremely prejudicial to the tribes' long term interest in Indian gaming and the revenue it provides. The plaintiffs essentially seek rescission of the contracts and disgorgement of money paid for goods and services rendered pursuant to those contracts. The message such a judgment would send to outside vendors would be that transactions with Indian gaming enterprises are subject to cancellation at any time and without regard to whether the contracts were freely and fairly negotiated, the extent to which the parties have performed their duties under the contracts or the settled expectations and reliance of the parties. Very few merchants would be willing to transact business with Indian casinos under such risky conditions. This might well signal the end of Indian gaming in the Upper Midwest. Regardless of whether such a judgment would otherwise constitute the correct application of the law, it would undeniably be prejudicial to the interests of the Indian tribes." *Id.* at 1429.

The remaining two factors in Rule 19(b) further compel the conclusion that the tribe is an indispensable party. Any judgment entered in favor of the Plaintiffs would encroach upon the sovereignty of the Menominee Tribe, thus imperiling its right to self-governance. *See, e.g., Pembina Treaty Committee v. Lujan,* 980 F.2d 543, 545 (8th Cir. 1992).

The court agrees that if this case is dismissed for failure to join an indispensable party, the *qui tam* Plaintiffs may have no other remedy. The interests of these Plaintiffs, however, in this case are "tenuous and indirect," *In re ex rel. Hall,* 825 F.Supp. at 1430, whereas the tribe's interest clearly outweighs that of the Plaintiffs.

Having determined that the tribe is an indispensable party and that dismissal is appropriate, the court need not address the alternative motions for dismissal which I have reviewed and have determined would be more appropriately resolved on summary judgment since the dates and the scope of the challenged contracts would be critical to the resolution of the applicability of the various statutes. Accordingly,

IT IS ORDERED that the motion of the Defendants to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19 IS GRANTED.

IT IS FURTHER ORDERED that the Clerk enter final judgment dismissing the case.

Done and Ordered.