[Nos. 48986–6, 48987–4, 48993–9. En Banc. March 17, 1983.]

*In the Matter of the Stay of Proceedings Against Defendants* JOHNS–MANVILLE CORPORATION, ET AL.

*Ted R. Willhite, William S. Bailey, Harold F. Vhugen, Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz, Paul W. Whelan* and *Schroeter, Goldmark & Bender,* for petitioners.

*Garvey, Schubert, Adams & Barer,* by *John R. Allison* and *Donald P. Swisher,* for respondent Pittsburgh Corning Corp.

*Charles S. Burdell, Jr., H. Regina Cullen,* and *Culp, Dwyer, Guterson & Grader,* for respondent Raymark Industries.

BRACHTENBACH, J.—These consolidated cases involve approximately 400 lawsuits arising from occupational exposure to asbestos products manufactured, sold or distributed by numerous defendants. Plaintiffs allege that these products caused various diseases, some fatal. Liability is alleged to be joint and several. There are as many as 30 defendants in some suits. Nationwide there are in excess of 15,000 asbestos suits pending.

In July 1982, one of the defendants, Unarco Industries,

Inc. (Unarco) filed in Illinois for Chapter 11 bankruptcy reorganization. 11 U.S.C., ch. 3 (Supp. 2, 1978). In August 1982, Johns–Manville Corporation made a similar filing in New York.

Johns–Manville is the world's largest producer of asbestos products. It claims that it faces a potential liability of $2 billion in asbestosis claims.

The Bankruptcy Code, 11 U.S.C. § 362(a), provides for an automatic stay of legal proceedings against the debtor. The codefendants of Johns–Manville and Unarco in these cases moved for an indefinite stay of proceedings that would extend to the codefendants as well as the debtors.

The stay motions were ruled upon by the King and Kitsap County Superior Courts. In King County, Judge Piehler ruled that section 362(a) stayed proceedings as to all defendants unless Johns–Manville were severed as a defendant. In Kitsap County, Judge Maddock ruled that section 362(a) did not provide an automatic stay as to the debtors' codefendants, but in exercising inherent control over the trial calendar stayed proceedings for 6 months. Both courts reserved the right to deal with emergency matters such as perpetuation of testimony of a dying party. We granted discretionary review.

We face two issues:

1. Does 11 U.S.C. § 362(a) mandate a stay as to joint and severally liable codefendants? We emphasize that we are not deciding the question of joint, several or concurrent liability but assume it exists in order to resolve this issue.

2. Are the Chapter 11 defendants necessary and indispensable parties under CR 19?

Turning to the first issue, we conclude that 11 U.S.C. § 362(a) does not mandate a stay as to the codefendants of Chapter 11 debtors. That section provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial,

administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

Both of the bankruptcy courts in which Johns–Manville and Unarco have filed have ruled that the automatic stay extends only to the debtor. *In re UNR Indus., Inc.,* 23 Bankr. 144 (N.D. Ill. 1982) (Unarco Industries, Inc.); In re Johns–Manville Corp., No. 82 B 11656 through 82 B 11676 (Bankr. S.D.N.Y. Jan. 10, 1983).

Admittedly some courts have applied the automatic stay provisions to codefendants. *In re White Motor Credit Corp.,* 11 Bankr. 294 (N.D. Ohio 1981); *Federal Life Ins. Co. v. First Fin. Group of Tex., Inc.,* 3 Bankr. 375 (S.D. Tex. 1980). We are persuaded that the better reasoning is that the stay provision applies only to the Chapter 11 debtor. *See Pitts v. Unarco Indus., Inc.,* 698 F.2d 313 (7th Cir. 1983) (per curiam). The holdings in *In re Related Asbestos Cases,* 23 Bankr. 523 (N.D. Cal. 1982) and in the Johns–Manville proceedings are analytical and persuasive. Additional authorities are cited therein, supportive of our conclusion.

The second issue arises from CR 19. It provides:

**(a) Persons To Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

**(b) Determination by Court Whenever Joinder Not Feasible.** If a person joinable under (1) or (2) of subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Proceeding on the assumption, but without deciding the question, that the codefendants are jointly and severally liable, we hold that the Chapter 11 defendants may be necessary parties but are not indispensable parties.

The analysis of CR 19 requires two steps. First, a determination whether the parties are needed for just adjudication. CR 19(a). Second, if the absent parties are needed, but it is not possible to join those parties, then the court must determine whether the parties are indispensable. CR 19(b); *Department of Social & Health Servs. v. Latta*, 92 Wn.2d 812, 818, 601 P.2d 520 (1979). In the instant case, the Chapter 11 defendants may be characterized as parties that should be joined if feasible. They have a clear interest in the subject matter of the litigation that may be difficult to protect and that interest may also affect the interests of the remaining parties. CR 19(a). Nonetheless, the Chapter 11 defendants may not proceed in these cases because of the stay of proceedings in the New York and Chicago

bankruptcy courts. Therefore, the question becomes whether the Chapter 11 defendants are indispensable to the litigation.

■■ Joint tortfeasors are not considered indispensable parties under federal law because their joint and several liability allows plaintiffs to proceed against the one. *See Field v. Volkswagenwerk,* 626 F.2d 293, 298 n.7 (3d Cir. 1980). That rationale has been applied to the asbestos defendants under the Federal Rules of Civil Procedure. *In re Related Asbestos Cases, supra* at 530–31. This court consistently has recognized joint and several liability: "[w]e have long held that such tort–feasors [joint or concurrent] are each liable for the entire harm caused and the injured party may sue one or all to obtain full recovery." *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 235, 588 P.2d 1308 (1978). Therefore, a similar analysis of indispensable parties might be appropriate under the Washington civil rules. *See* CR 19(a), (b).

In order to determine whether a party is indispensable a court must determine whether "in equity and good conscience" the action should proceed or be dismissed. *Aungst v. Roberts Constr. Co.,* 95 Wn.2d 439, 443, 625 P.2d 167 (1981). The application of the equity and good conscience test requires a consideration of the four factors enumerated in CR 19(b). *Aungst,* at 443. In construing the identical federal rule, Fed. R. Civ. P. 19, the United States Supreme Court roughly categorized those four interests as: (1) plaintiff's interest in having a forum; (2) defendant's interest in avoiding multiple litigation; (3) interest of an outsider it would have been desirable to join; and (4) the interest of the courts and public in complete, consistent and efficient settlement of controversies. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109–10, 19 L. Ed. 2d 936, 88 S. Ct. 733 (1968). In this case, the only consideration opposing proceeding is the defendants' interest in avoiding multiple litigation, inconsistent relief, or sole responsibility it might share with another. Those same factors, however, are necessary elements of the judicial con-

cept of joint and several liability, *Seattle–First Nat'l Bank v. Shoreline Concrete Co., supra* at 235, as well as the Legislature's right of contribution. RCW 4.22.040. Thus, the asbestos defendants' interests here do not require finding that the Chapter 11 defendants are indispensable parties.

We vacate the stay orders and remand for proceedings consistent with this opinion recognizing the authority of the trial courts to control their docket schedules.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.