821 F.2d 537
 8 Fed.R.Serv.3d 127
 JICARILLA APACHE TRIBE, Plaintiff-Appellant,
v.
Donald P. HODEL, Secretary of the Interior of the United
States of America; Defendant-Appellee,
Union Oil Company of California as representatives of a
certain class of lessees under oil and gas leases on the
Jicarilla Apache Reservation; Amoco Production Company;
Apexco, Inc.; Aztec Oil and Gas Company;
Benson-Montin-Greer Drilling Corp.; Dugan Production
Corporation; Engineering & Production Service; Gulf Oil
Corporation; Nassau Resources, Inc.; J.M. Huber
Corporation; Kirby Exploration Company; Merrion and
Bayless Drilling; Mesa Petroleum Company; North American
Exploration Company; Southland Royalty; Sun Oil Company;
Tesoro Petroleum Corporation, Defendants,
Aquitaine Oil Corporation; Filon Exploration Corporation;
Thomas N. Jordan and Trend Exploration, Limited,
Additional Party-Defendants,
Dome Petroleum Corporation, Applicant in Intervention-Appellant.
DOME PETROLEUM CORPORATION, Plaintiff-Appellant,
v.
Donald P. HODEL, Secretary of Interior of the United States;
Leonard Atole; Richard Tecube; Barbara Gonzales; Elote
Harrison; Cora Gomez; Freda Havens; Edwin Sandova; Rudy
Velarde; Calvin Veneno and Jonathan Wells, all Members of
the Jicarilla Apache Tribe of New Mexico, Defendants-Appellees.
 Nos. 85-1712, 85-1713.
 United States Court of Appeals,
Tenth Circuit.
 June 18, 1987.
 
 Daniel H. Israel (Jane E. Archer of Cogswell and Wehrle, Denver, Colo., Richard T.C. Tully, Farmington, N.M., with him on the brief), for Dome Petroleum Corp.
 B. Reid Haltom (Robert J. Nordhaus of Nordhaus, Haltom, Taylor & Taradash, Albuquerque, N.M., with him on the brief) for Jicarilla Apache Tribe, Leonard Atole, Richard Tecube, Barbara Gonzales, Elote Harrison, Cora Gomez, Freda Havens, Edwin Sandova, Rudy Velarde, Calvin Veneno, and Jonathan Wells.
 Sarah P. Robinson (F. Henry Habicht II, Asst. Atty. Gen., Washington, D.C., William L. Lutz, U.S. Atty., Albuquerque, N.M., Raymond Hamilton, Asst. U.S. Atty., Albuquerque, N.M., Robert L. Klarquist and Martin W. Matzen, Attys., Dept. of Justice, Washington, D.C., on the brief), for Secretary of the Interior of the U.S.
 Before LOGAN and ANDERSON, Circuit Judges, and BOHANON, District Judge.*
 LOGAN, Circuit Judge.
 
 
 1
 On April 12, 1976, the Jicarilla Apache Tribe brought suit to cancel certain oil and gas leases on the Jicarilla Apache Reservation because of the failure of the United States Department of the Interior to adequately advertise the lease sales under which the leases were issued. In Jicarilla Apache Tribe v. Andrus, 546 F.Supp. 569 (D.N.M.1980), the United States District Court for the District of New Mexico determined that the lease bonuses in question were undervalued, but that the leases could be preserved through payment of increased bonuses. Id. at 580. We affirmed that part of the district court's decision and remanded the case to the district court for an accounting and a determination of the status of the many leases at issue. Jicarilla Apache Tribe v. Andrus, 687 F.2d 1324 (10th Cir.1982).
 
 
 2
 On September 10, 1981, while Jicarilla was pending before this court, Dome Petroleum Corporation brought an independent action, seeking to pay adjusted bonuses to preserve its interests in certain oil and gas leases initially awarded by the Department of the Interior as part of the lease sales challenged in the original Jicarilla suit. After this court announced its decision in Jicarilla in 1982 and remanded the case, Dome filed a motion on November 1, 1982, to intervene of right under Fed.R.Civ.P. 24(a), again for the purpose of lodging adjusted bonuses to preserve its oil and gas leases.
 
 
 3
 Dome's independent lawsuit was dismissed on January 30, 1985, for lack of jurisdiction over the Tribe, an indispensable party. Dome's motion to intervene on remand in Jicarilla was denied by the district court on March 28, 1985, because, inter alia, the motion was untimely.
 
 
 4
 Dome has appealed both judgments, and we granted Dome's motion to consolidate for purposes of briefing and oral argument.[1] On appeal, Dome claims that it is entitled (1) to intervene as a matter of right in Jicarilla on remand; (2) to pursue the independent action to preserve its leasehold interest; and (3) in the alternative, to receive a refund from the Secretary of the Interior of all payments made with respect to the leases.
 
 
 5
 * We reject Dome's argument that it should be allowed to intervene as a matter of right in Jicarilla on remand. One of the prerequisites to intervention as a matter of right is that it be "timely." Fed.R.Civ.P. 24(a). The district court's determination whether an application is timely is reviewable only under an abuse of discretion standard. Sanguine, Ltd. v. United States Department of the Interior, 736 F.2d 1416, 1418 (10th Cir.1984).
 
 
 6
 In the instant case, Dome had actual notice of the Jicarilla litigation at least by April 25, 1979, Dome R. I, 22-25, but waited over three and one-half years, until November 1, 1982, before deciding to intervene.[2] The length of this delay, as the district court noted, was exacerbated by the fact that it was a conscious tactical judgment made because Dome did not " 'wish to be exposed to an open-ended series of legal costs.' " Dome R. I, 14-15 (quoting letter of Dome representative, Dome R. I, 25). Although intervention has sometimes been allowed after a final judgment has been entered, see, e.g., Natural Resources Defense Council v. Costle, 561 F.2d 904 (D.C.Cir.1977), intervention now would raise substantial new issues. As the district court noted: "[T]he rights of Dome in the subject leases are contested and, thus, intervention by Dome would necessitate another trial on issues wholly different than those litigated in this Court and set at rest by appeal." Jicarilla R. I, 11. For these reasons, we find no abuse of discretion in the district court's determination that the motion was untimely and we affirm the district court's denial of Dome's motion for intervention of right.[3]
 
 II
 
 7
 We also reject Dome's argument that the district court erred in dismissing its independent action against the Secretary of the Interior. The district court dismissed the suit in part because the Tribe was an essential party to the litigation but was immune from suit: "Dome [is unable], because of tribal immunity, to join the Tribe as a Defendant in this case.... But, nonetheless, the Tribe's presence in this case is absolutely essential. Without that presence, litigation among the other parties is sterile and a complete waste." Dome R. I, 20. We agree.[4]
 
 
 8
 The Supreme Court stated in Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978): "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers. ... It is settled that a waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.' " Id. at 58, 98 S.Ct. at 1677 (quoting United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). Although the Tribe's filing of the Jicarilla litigation may have waived its immunity with regard to Dome's intervention in that suit, we cannot construe the act of filing that suit as a sufficiently unequivocal expression of waiver in subsequent actions relating to the same leases. " '[T]he terms of [a sovereign's] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting United States v. Sherwood, 12 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). Waiver of immunity in the present action was not one of the terms of the Tribe's initial suit; it therefore cannot be made a party to this subsequent litigation.
 
 
 9
 Dome argues, however, that "[e]ven if the Tribe were immune from suit, the Tribe is not an indispensable party in Dome's independent action." Opening Brief of Appellant/Intervenor at 9. But "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir.1975), cert. denied, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (1976). In the independent action the Tribe's interests are directly affected: either Dome will be allowed to pay the Tribe the adjusted bonus and preserve its oil leases or the leases will remain judicially cancelled. The Tribe's interest in the oil leases is thus at the heart of the controversy. For these reasons, we affirm the district court's dismissal of Dome's independent action to pay adjusted bonuses.[5]
 
 III
 
 10
 Finally, in its Second Motion to Amend Judgment dismissing the independent action, Dome proposed an entirely new cause of action and prayer for relief. In this motion Dome requested a refund of the original bonus ($36,058.50) and rental payments ($70,486.84) from the Secretary of the Interior, on the principle that if the leases had been rescinded equity requires the parties should be placed back " 'in the situation in which they would have stood if there had never been any such transaction.' " Pan American Petroleum and Transport Co. v. United States, 273 U.S. 456, 505, 47 S.Ct. 416, 424, 71 L.Ed. 734 (1927) (quoting Neblett v. Macfarland, 92 U.S. 101, 103 (2 Otto), 23 L.Ed. 471 (1876)). Dome now challenges the district court's denial of this motion.
 
 
 11
 While motions to amend judgment under Fed.R.Civ.P. 59(e) do not normally raise new grounds for and types of relief, courts sometimes have granted Rule 59(e) motions to vacate judgments of dismissal to permit amending the complaint. See Eames v. City of Logan, 762 F.2d 83, 85 (10th Cir.1985); Scott v. Schmidt, 773 F.2d 160, 163 (7th Cir.1985); 6A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice p 59.12 at 59-283 (1986). Treating Dome's motion in this fashion, we hold that the district court did not abuse its discretion in denying Dome leave to amend its complaint. Dome filed the motion on April 10, 1985--more than three and one-half years after filing its original complaint and almost six years after it had notice of the original Jicarilla litigation.
 
 
 12
 Moreover, the district court would be without jurisdiction to consider an amended complaint that proceeded on this theory. Although Dome's rescission theory overcomes the need to join the Tribe as an indispensable party by requesting repayment from the Secretary of the Interior, it runs afoul of the Tucker Act. See 28 U.S.C. Secs. 1346, 1491. As this court held in State of New Mexico v. Regan, 745 F.2d 1318 (10th Cir.1984), cert. denied, 471 U.S. 1065, 105 S.Ct. 2138, 85 L.Ed.2d 496 (1985):
 
 
 13
 "The Tucker Act ... grants concurrent jurisdiction to the district court and the Claims Court (formerly the Court of Claims) over money claims against the United States not exceeding $10,000. For claims against the United States involving amounts greater than $10,000 founded upon the Constitution, Acts of Congress, executive regulations, or contracts, the Act vests exclusive jurisdiction with the Claims Court."
 
 
 14
 Id. at 1322 (emphasis in original).
 
 
 15
 Although Dome is correct in arguing that the Claims Court's exclusive jurisdiction is limited to those cases "where the prime effort of the complaining party is to obtain money from the Federal Government," Hoopa Valley Tribe v. United States, 596 F.2d 435, 436 (Ct.Cl.1979) (emphasis added), at the point Dome's second motion to amend judgment was filed, all other claims had been properly dismissed so that the rescission claim against the government was the sole basis for proceeding. That Dome's rescission theory is equitable in nature does not change our conclusion. See id. at 437 n. 2 (Claims Court has jurisdiction over monetary claims that are equitable in nature). The motion was properly denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Luther L. Bohanon, Senior United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 We cite the record in appeal No. 85-1712 as "Jicarilla R.," and the record in appeal No. 85-1713 as "Dome R."
 
 
 [2]
 Even if we treat the independent action filed September 10, 1981, as the equivalent of an attempt to intervene, the delay is almost two and one-half years
 
 
 [3]
 Even if we were to treat the Jicarilla suit as an in rem action to cancel Dome's leases, because Dome was not a party to the appeal it is in no better position than any litigant who did not take an appeal but seeks to intervene after others in its position were successful in their appeal
 
 
 [4]
 Because we affirm on this basis, we need not address whether Dome's independent action represented a collateral attack on the district court's judgment in Jicarilla
 
 
 [5]
 Our holding accords with Fed.R.Civ.P. 19(b) which requires dismissal of an action when it is not feasible to join an "indispensable" party. In making this determination the court is to consider a number of factors including "to what extent a judgment rendered in the person's absence might be prejudicial to him." Id.; see Tewa Tesuque v. Morton, 498 F.2d 240, 242-43 (10th Cir.1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1353, 43 L.Ed.2d 440 (1975); Lomayaktewa, 520 F.2d at 1325