F I L E D
United States Court of Appeals
Tenth Circuit

MAR 17 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BOBBY BATTLE, et al.; UNITED
STATES OF AMERICA,

    Plaintiffs,

        v.

LARRY FIELDS, Director; DAN
REYNOLDS, Warden, Oklahoma State
Penitentiary; CALVIN SAMUEL
MUSE, JR., member of the Oklahoma
Board of Corrections; HUGH REED,
member of the Oklahoma Board of
Corrections; WILLIAM EVANS,
member of the Oklahoma Board of
Corrections; PHIL DESSAUER; JOE
R. MANNING, member of the
Oklahoma Board of Corrections;
GREGORY H. HALL, member of the
Oklahoma Board of Corrections;
DANIEL BLINTZ, member of the
Oklahoma Board of Corrections,

    Defendants-Appellees,

_____

TONY LAMAR VANN,

    Movant-Appellant.

No. 98-7091
(D.C. No. CV-72-95-B)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Tony Lamar Vann, appearing pro se, appeals the district court's denial of his motion to intervene and to amend the complaint in Battle v. Anderson, CIV-72-095-B (E.D. Okla. 1972), a twenty-six-year-old class action involving conditions of confinement in Oklahoma prisons. We affirm.

Vann, a prisoner in the custody of the Oklahoma Department of Corrections, apparently had been incarcerated at a private prison in Texas. On June 8, 1998, Vann filed a motion to intervene in Battle, asserting his "over-crowded condition is similar, and or synonymous, with the above styled recent ruling." Record I, Doc. 180. On June 12, he filed a separate motion to file an amended complaint in Battle, seeking to add himself as a party and "amend[] the

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

whole cause" based on common questions of law or fact. Id., Doc. 181. The district court denied the motions. The court ruled Vann's claims were associated with incarceration at a private prison in Texas and were unrelated to the specific class claims in Battle. The court noted it had dissolved many of the injunctions in Battle and that the issues asserted by Vann were not encompassed in the remaining issues. The court further found amendment of the twenty-six-year-old complaint would prejudice the parties.

We review a ruling on a motion to intervene as of right de novo and review a ruling on a motion for permissive intervention for abuse of discretion. Alameda Water & Sanitation Dist. v. Browner, 9 F.3d 88, 90 (10th Cir. 1993). We review a ruling as to timeliness of a motion for intervention for abuse of discretion. Id. Federal Rule of Civil Procedure 24(a) authorizes intervention as of right

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(b) provides permissive intervention "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

Vann has not identified any statute giving him an unconditional or a

conditional right to intervene. His vaguely presented basis for intervention is that his conditions of confinement are constitutionally insufficient. Vann reasons he is entitled to intervene because Battle is, in part, a conditions of confinement case. His claim does not arise from the same course of conduct or factual occurrences that gave rise to any of the claims in Battle and his claim would be unaffected by any judgment entered in Battle. Intervention is not appropriate. See Kiamichi R.R. Co. v. National Mediation Bd., 986 F.2d 1341, 1345 (10th Cir. 1993); Jicarilla Apache Tribe v. Hodel, 821 F.2d 537, 539 (10th Cir. 1987).

We review the district court's denial of a motion to amend for abuse of discretion. See Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). Federal Rule of Civil Procedure 15(a), as relevant here, provides that "a party" may amend the "party's pleading only by leave of court or by written consent of the adverse party." The court's refusal of leave to amend is justified for, among other things, undue prejudice to the opposing party, untimeliness, or futility of amendment. Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993); Woolsey v. Marion Lab., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991). Vann was not a party or a class member in Battle and was not entitled to seek amendment of the complaint. The court did not abuse its discretion.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge