**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CAROLYN DOBSON, individually, and
THE ESTATE OF JOHN ROBERT
ADAMO, by and through the Personal
Representative Carolyn Dobson,

      Plaintiffs-Appellants,

v.

CITY AND COUNTY OF DENVER;
REZA KAZEMIAN, in his official and
individual capacity; LESLIE
GROUSSMAN, in her official and
individual capacity; BRUCE
BAUMGARTNER, in his official and
individual capacity; RICHARD
BRASHER, in his official and individual
capacity; and RICHARD GARY BRADY,

      Defendants-Appellees.

No. 99-1594
(D.C. No. 98-WM-806)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **OWEN**, Senior

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

District Judge**

_____

On January 17, 1997, at about 5:30 a.m., Richard Gary Brady ("Brady"), an employee of the City and County of Denver ("City and County") who worked at the Denver Waste Water Management Division of the Department of Public Works ("the Plant"), shot and killed John Robert Adamo at the Plant. At the time of the shooting Adamo was serving as a security guard at the Plant and was employed by a private security company, C and D Bonded Security Service, Inc. ("C and D"), under contract with the City and County. On April 10, 1998, Carolyn Dobson, the mother of Adamo, brought suit in the United States District Court for the District of Colorado, individually and as the personal representative of Adamo's estate. Named as defendants were the City and County, and four of its employees at the Plant, Reza Kazemian, Leslie Groussman, Bruce Baumgartner and Richard Brasher, each in his or her individual and official capacity. Also named as a defendant was Brady (who was convicted of murder and is serving a 40 year sentence) and Adamo's employer, C and D, the claims against the latter having thereafter been voluntarily dismissed.

_____

**Honorable Richard Owen, Senior District Judge, United States District Court for the Southern District of New York, sitting by designation.

- 2 -

In her complaint, Dobson, after identifying the parties and setting forth in detail the facts and circumstances out of which this tragic killing occurred, alleged eight claims for relief. The first claim for relief was against the City and County and its four employees, i.e., Kazemian, Groussman, Baumgartner and Brasher, and Dobson alleged therein that by acting with a "reckless disregard for the physical well-being of Adamo" they deprived her of the "securities, rights, privileges, liberties and immunities as guaranteed by the Constitution of the United States of America and protected pursuant to 42 U.S.C. § 1983." The second claim for relief was against the City and County, and Dobson alleged therein that by a "failure to train and supervise" the City and County had acted recklessly and with "deliberate indifference" to Dobson's constitutional rights in violation of 42 U.S.C. § 1983. The third claim for relief was against Brady for assault and battery. The fourth claim for relief was against the City and County and alleged that "at the time of the individual defendants' wrongful conduct, they were employed by defendant Denver . . . and by the doctrine of respondeat superior, Denver is liable for the wrongful behavior of the individual defendants." The fifth claim for relief was against Brady for intentional infliction of emotional distress. The sixth claim for relief was against all defendants for wrongful death. The seventh claim for relief was against C and D for "negligence of duty of care." (As stated, Dobson later dismissed this particular claim.) The eighth claim was against Brady, and alleged that Brady had unlawfully interfered with Adamo's contract with C and D. As indicated, Dobson's first two claims

for relief were based on 42 U.S.C. § 1983. Her last six claims were based on state law.

The City and County and its four employees filed an answer to Dobson's complaint wherein they admitted and denied the various allegations in Dobson's complaint and then alleged four affirmative defenses. Brady filed a 12(b)(1) motion to dismiss for lack of jurisdiction.

On July 20, 1998, the City and County and its four employees filed a motion for summary judgment on Dobson's federal claims and for dismissal of her state claims. Dobson on August 19, 1998 filed a response to defendants' motion, to which a reply was filed. By order of the district court, all parties consenting thereto, defendants' motions were transferred to the Honorable Patricia A. Coan, a United States Magistrate Judge, for final determination. 28 U.S.C. § 636(c). After briefing and oral argument, the magistrate judge on October 25, 1999 by Memorandum Opinion and Order granted all motions for summary judgment and on November 9, 1999 entered judgment wherein all claims against the City and County and its four employees were "dismissed with prejudice" and the claims against Brady were "dismissed without prejudice with leave to refile in state court." Thereafter Dobson filed a motion to alter judgment and a request that she be allowed to file an amended complaint. That motion was later denied, and Dobson now appeals.

The magistrate judge's Memorandum Opinion and Order appears as Dobson v. City and County of Denver, 81 F. Supp. 2d 1080 (D. Colo. 1999). The facts, which are

largely undisputed, are fully set forth by the magistrate judge, and will only be recounted here   as necessary.

On appeal, counsel frames his three grounds for reversal as follows:

> I.  Under the "danger creation" or "special danger" doctrine, are city officials personally liable when they take affirmative acts to enhance or create a danger of harm to their employees by a private actor, including misleading an employee as to the grave danger he faced at the hands of a dangerous co-worker?
> II. Even if there is no personal participation by city officials in taking an affirmative act to increase the danger to a city employee, can the municipality still be liable for failing to train or supervise its employees so as to enhance the danger to one of its citizens by a private actor?
> III. Can the Plaintiff amend her complaint after judgment is entered if the facts that support the additional theory for relief have been previously pled?

Our review of a grant of summary judgment is *de novo,* using the same standard applied by a district court, or, in this case, by the magistrate judge.  *Universal Money Ctrs., Inc.  v. AT & T,* 22 F.3d 1527, 1529 (10th Cir. 1994) and *Thomas v. Wichita Coca-Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir. 1992).

As indicated, in her first claim for relief Dobson alleged, in effect, that the City and County and four of its employees by their "reckless" actions or inactions either created the danger or increased the danger that resulted in Brady killing Adamo.  In *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995) we said that in order to show a violation of 42 U.S.C. § 1983 a plaintiff must show, *inter alia,*  that the defendant's conduct was reckless to a degree that is "conscience shocking."  Applying the *Uhlrig*

- 5 -

standard, the magistrate judge held that Dobson had failed to show that the conduct of the City and County and its four employees was either "reckless" or "conscience shocking."[1] Our *de novo* review of the magistrate judge's analysis of the matter leads us to the same result. The chronology of events involving Adamo and Brady are fully set forth in the Memorandum Opinion and Order of the magistrate judge and we agree that such simply do not add up to "recklessness" and "conscience shocking," or, we would add, "calculated indifference." In hindsight, perhaps some things could have been done differently, but, at most, such would be only negligence and insufficient to support a §1983 claim. *See Uhlrig* at 573 (noting that the Due Process Clause's protection does not extend to "merely negligent government conduct.")

As concerns his second issue, counsel argues that the City and County may still be held liable for failure to train or supervise its employees even though there is no personal participation by city officials in taking an affirmative act to increase the danger to a city employee. The magistrate judge, in granting summary judgment on Dobson's second claim for relief, held that inasmuch as the individual defendants had not violated any of Adamo's constitutional rights, Dobson could not state a claim against the City and County for unconstitutional failure to train, citing *Webber v. Mefford*, 43 F.3d 1340, 1344-45

---

[1]In thus holding, the district court recognized that under *Radecki v. Barela,* 146 F.3d 1227, 1232 (10th Cir. 1998), we held that where a state actor had "the luxury to truly deliberate . . . something less than unjustifiable intent to harm, such as calculated indifference, may suffice to shock the conscience."

(10th Cir. 1994) and *Watson v. Kansas City,* 857 F.2d 690, 697 (10th Cir. 1988).

Counsel's reliance on *Sutton v. Utah State Sch. for the Deaf and Blind,* 173 F.3d 1226, 1239-40 (10th Cir. 1999) is in our view misplaced. That was a case involving "deliberate indifference," which is not the present case.

The third issue raised in this appeal concerns the magistrate judge's denial of Dobson's motion, filed pursuant to Fed. R. Civ. P. 59(e) and 15(c), to alter judgment and her request for leave to file an amended complaint. The proposed amended complaint, attached to the motion, was identical to the original complaint except that it added a ninth and tenth claim for relief, both naming the City and County as the only defendant. The ninth claim was based on promissory estoppel and the tenth on breach of contract, third party beneficiary.[2] The City and County filed a response to that motion. The magistrate judge denied the motion to alter judgment and for leave to file an amended complaint, and, on appeal, counsel argues that in so doing the magistrate judge erred. Counsel agrees that the magistrate judge's denial of Dobson's motion to alter judgment and her request to file an amended complaint, after her initial complaint had been dismissed on summary judgment, is reviewed by us under an abuse of discretion standard. *Bauchman v. West*

---

[2]In her order and judgment the magistrate judge, *inter alia,* dismissed with prejudice
Dobson's state tort claims on the basis of Colorado's Governmental Immunity Act.
COLO. REV. STAT. § 24-10-101, *et. seq.* In so doing, the magistrate judge indicated that claims sounding in contract might not be barred by the Governmental Immunity Act. Hence Dobson's desire to file a request for leave to amend her complaint and add two contract claims.

*High Sch.,* 132 F.3d 542, 559 (10th Cir. 1997). Under the circumstances, we find no abuse of discretion.[3]

Although in appellant's opening brief there is no mention of qualified immunity in the "Statement of Issues," there is some reference thereto in the body of her brief. In this regard, the magistrate judge in her memorandum order did hold that the individual defendants were entitled to qualified immunity on Dobson's constitutional claims inasmuch as she had previously held that Dobson "failed to state a claim for denial of substantive due process under the danger creation theory. . ." In any event, we do not see that the individual defendants violated any "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hilliard v. City and County of Denver,* 930 F.2d 1516, 1518 (10th Cir. 1991). *See generally, Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

Judgment affirmed.

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[3]In *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537*, 540 (*10th Cir. 1987), we recognized that while motions under Fed. R. Civ. P. 59(e) do not normally raise "new grounds" for relief, nor new theories of relief, courts did sometimes grant Rule 59(e) motions to vacate judgments of dismissal to permit amendment of the complaint. However, in that case, we held that the district court did not abuse its discretion in denying such motion.