**MASTERCARD INTERNATIONAL INCORPORATED, Plaintiff–Appellee,**

**Federation Internationale De Football Association, Defendant–Appellee,**

v.

**VISA INTERNATIONAL SERVICE ASSOCIATION, INC., Non–Party–Appellant.**

Docket Nos. 06–4433–cv (L), 06–4947–cv(CON).

United States Court of Appeals, Second Circuit.

Argued: Nov. 3, 2006.

Decided: Dec. 18, 2006.

Marc E. Ackerman, White & Case LLP (Daren M. Orzechowski, White & Case LLP, and Jay G. Safer, Lord, Bissell & Brook LLP, on the brief), New York, N.Y. for Non–Party–Appellant.

Martin S. Hyman, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, N.Y. (Adam C. Silverstein, Elizabeth A. Jaffe, Shira Franco, Golenbock Eiseman Assor Bell & Peskoe LLP, New York, N.Y. and Noah Hanft, Eileen Simon, Cheryl Givner, Mastercard International Incorporated, Purchase, NY, on the brief) for Plaintiff-Appellee.

Before MINER, POOLER, and KATZMANN, Circuit Judges.

POOLER, Circuit Judge.

Non-party movant-appellant Visa International Service Association ("Visa") moved to dismiss the underlying action contending that it is a necessary and indispensable party under Federal Rule of Civil Procedure 19. Visa also moved to intervene in the action under Federal Rule of Civil Procedure 24. Both motions were denied by the United States District Court for the Southern District of New York (Preska, J.). The district court concluded that Visa was neither necessary nor indispensable to the underlying breach of contract action between plaintiff-appellee MasterCard International Incorporated

("MasterCard") and defendant[1] Federation Internationale de Football Association ("FIFA"). The district court further concluded that Visa failed to satisfy the conditions for intervention under Rule 24. Due to the expedited nature of these proceedings, this court issued an order indicating its disposition in this case on November 6, 2006. As we stated in our order, the appeal originally filed by Visa in docket no. 06–4433 is dismissed for lack of jurisdiction and the district court's decision is otherwise affirmed. We now issue this opinion explaining our disposition.

## BACKGROUND

FIFA is the worldwide governing body of soccer (or football, as it is known outside the United States), and the organizer of the World Cup soccer tournament held every four years. The underlying lawsuit is a breach of contract action brought by MasterCard against FIFA seeking enforcement of an alleged contractual provision giving MasterCard "first right to acquire" exclusive sponsorship rights in its product category for the FIFA World Cup event in 2010 and 2014. MasterCard's complaint alleges as follows.[2] For the past sixteen years, MasterCard has had a contractual relationship with FIFA to act as a sponsor for the World Cup. MasterCard served as an official sponsor of the World Cup event in 1994, 1998, 2002, and 2006. Although soccer is still catching on among American television audiences, the World Cup is the most-viewed sporting event in the world. The 2002 World Cup drew a cumulative television audience of 28.8 billion viewers from over 200 countries.

In 2002, MasterCard and FIFA entered into a contract by which MasterCard acquired exclusive sponsorship rights in its product category for FIFA competitions between 2003 and 2006, including the 2006 World Cup ("the MasterCard Contract"). This contract also allegedly contained a "first right to acquire" provision that gave MasterCard a right of first refusal to sponsorship rights during the next FIFA sponsorship cycle, covering FIFA competitions from 2007—2010. According to MasterCard, under this provision, FIFA may not offer these sponsorship rights to another entity within MasterCard's product category without first providing MasterCard the opportunity to purchase these rights on comparable terms. Pursuant to this provision, FIFA allegedly offered MasterCard exclusive sponsorship rights for all FIFA competitions between 2007 and 2014, including the 2010 and 2014 World Cups. Negotiations between the parties continued over several months and allegedly culminated with FIFA sending MasterCard a 96–page "final" agreement on March 3, 2006, which MasterCard signed and returned to FIFA.

Meanwhile, FIFA was also in negotiations with Visa regarding these sponsorship rights. On March 30, 2006, MasterCard learned that FIFA had decided to finalize an agreement with Visa. On April 5, 2006, MasterCard received a letter from FIFA's president stating that FIFA had entered into a contract with Visa granting Visa the exclusive sponsorship rights to FIFA competitions, including the World Cup, through 2014 ("the Visa Contract"). The Visa Contract becomes effective January 1, 2007. Upon learning of the FIFA–

---

**1.** Although listed in the official caption as an "appellee," defendant FIFA did not oppose or join in the motions below, nor did it participate in this appeal.

**2.** Since Visa's concerns only arise if MasterCard prevails in the underlying lawsuit, we recite the facts as alleged in MasterCard's complaint. We, of course, express no opinion as to the merit of these allegations.

Visa deal, MasterCard notified both FIFA and Visa that it considered FIFA's actions a violation of the right of first refusal provision in the MasterCard Contract and MasterCard would seek legal redress if FIFA went forward with the Visa Contract.

On April 10, 2006, Visa issued a press release announcing its contract with FIFA for exclusive sponsorship rights in the World Cup through 2014. On April 20, 2006, MasterCard filed suit in the Southern District of New York for breach of contract and sought injunctive relief "enjoining FIFA from consummating, effectuating or performing" any terms of the Visa Contract and ordering FIFA to perform its obligations under the alleged contract granting MasterCard exclusive rights through 2014. Federal jurisdiction is premised solely on diversity of citizenship.

On June 15, 2006, MasterCard filed a motion for a preliminary injunction. After FIFA's motion to dismiss for lack of personal jurisdiction and motion to compel arbitration were both denied, the district court scheduled the preliminary injunction hearing for September 18, 2006, and later adjourned it to September 26, 2006. Email communication produced in this case indicates that Visa has been in contact with FIFA regarding this litigation since the time it was filed. On September 11, 2006, two weeks before the preliminary injunction hearing, Visa sent a letter to the district court stating that it was a necessary and indispensable party to the litigation because of its contractual entitlement to the FIFA sponsorship rights. Visa claimed that because it was an indispensable party, the case must be dismissed for lack of subject matter jurisdiction. Since MasterCard and Visa are both incorporated under the laws of Delaware, Visa's joinder would destroy diversity jurisdiction— the sole basis for federal jurisdiction.

The district court construed Visa's letter submission as a motion to dismiss under Federal Rule of Civil Procedure 19 and scheduled a hearing for September 21, 2006. At the conclusion of that hearing, the district court denied Visa's motion, finding that Visa was not a necessary party under Rule 19(a), and even assuming that it were, Visa was not an indispensable party under Rule 19(b) requiring dismissal of the action ("Rule 19 Order"). The district court reasoned that because the underlying litigation involved the MasterCard Contract and whether FIFA had breached that contract, Visa's presence was unnecessary to decide the dispute between MasterCard and FIFA. Moreover, even if MasterCard prevailed in this lawsuit, Visa's right to sue FIFA for breach of the warranty provision in the Visa Contract would not be prejudiced. Finally, since Visa conceded that it had no knowledge of the negotiations between MasterCard and FIFA or the MasterCard Contract, it would have nothing to contribute to the outcome of that lawsuit. Thus, the district court found that the case could proceed without Visa.

On September 25, 2006, Visa filed a notice of appeal of the district court's Rule 19 Order. Visa also filed a motion to stay the district court proceedings and a motion for expedited appeal with this court. In addition, Visa filed in the district court a motion to stay and a motion to intervene in the MasterCard–FIFA litigation under Federal Rule of Civil Procedure 24. Visa apparently hand-delivered these papers on Friday, September 22, 2006, but they were not received by the district court until Monday, September 25th. On September 25th, the district court denied Visa's motion to stay. That same day, the district court held a telephonic hearing on Visa's motion to intervene, and denied that motion as well. The district court also

promptly issued a written decision regarding Visa's motion to intervene ("Rule 24 Order"). *See Mastercard Int'l Inc. v. FIFA*, No. 06 Civ. 3036, 2006 WL 3065598 (S.D.N.Y. Sept. 26, 2006).

Meanwhile, also on September 25th, this court in response to Visa's emergency motion temporarily stayed the proceedings in the district court pending hearing of Visa's motion. After hearing oral argument, this court granted Visa's motion to stay the proceedings for the remainder of the appeal, set an expedited briefing schedule, and placed the appeal on the court's calendar for November 3, 2006. Approximately ten days before this court was scheduled to hear Visa's appeal of the Rule 19 Order, Visa filed its notice of appeal of the district court's Rule 24 Order.[3] Recognizing the overlap of issues presented by these appeals, we ordered consolidation and heard oral argument as scheduled on November 3rd.[4] Cognizant of the impending January 1, 2007 trigger date for the Visa Contract and the need for expeditious resolution of the underlying lawsuit, this court issued an order on November 6, 2006, indicating its disposition in this case, vacating the stay previously granted by this court, and remanding the matter to the district court. We now explain the basis of our decision.

## DISCUSSION

### I. Jurisdiction

█ Before we can discuss the merits of Visa's appeal, we must first establish that we have jurisdiction to do so. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.") (internal quotation marks omitted). MasterCard contends that we lack jurisdiction to entertain Visa's original appeal of the Rule 19 Order because it is an uncertified interlocutory appeal. Visa asserts that we have jurisdiction under the collateral order doctrine. Visa cites no case in which this court has entertained an interlocutory appeal of a denial of a motion to dismiss under Rule 19. We too have found no such authority. We attribute the absence of prior case law on this issue to the fact that Visa, as a non-party to the underlying action, should not have been allowed to file a motion to dismiss in the district court. The proper procedure would have been for the district court to construe Visa's letter submissions as a motion to intervene under Federal Rule of Civil Procedure 24. This rule provides the mechanism by which non-parties who believe they have a valid and sufficient interest in a litigation can assert their rights. *See* Fed.R.Civ.P. 24(a)-(b). Rule 24 explicitly contemplates motions by non-parties. *See* Fed.R.Civ.P. 24(c) (setting forth procedural requirements for persons seeking to file motions to intervene). We find nothing in the text or notes to Rule 19 that would indicate strangers to an action may file motions to dismiss under that rule.

This is not to say, however, that the district court was prohibited from considering the issue of whether Visa was an indispensable party to the underlying litigation. Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised

---

**3.** Although Visa had stressed the need for speedy resolution of these matters when it requested expedited review from this court, it then chose to wait until the last possible day to file its appeal of the Rule 24 Order.

**4.** Both parties stated during oral argument that additional briefing on the appeal of the Rule 24 Order was not needed.

by the parties to the action. *See, e.g., Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2d Cir.1994) ("[E]ven in the absence of an objection under Rule 19(a), we are obliged to consider whether M & N and OSMC are indispensable parties under Federal Rule of Civil Procedure 19(b)."); *Havana Club Holding, S.A. v. Galleon, S.A.*, 974 F.Supp. 302, 311 (S.D.N.Y.1997) ("[W]hen a court believes that an absentee may be needed for a just adjudication, it may raise compulsory party joinder on its own motion."); 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3d ed. 2006) ("[B]oth the trial court and the appellate court may take note of the nonjoinder of an indispensable party sua sponte."); 4 James Wm. Moore et al., *Moore's Federal Practice—Civil*, § 19.02[4][a] (3d ed. 2006) ("The district court may raise compulsory party joinder on its own motion."); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (instructing courts to take steps on their own initiative to protect an absentee party); *Delgado v. Plaza Las Ams., Inc.* 139 F.3d 1, 2 (1st Cir.1998) (rejecting argument that district court lacked jurisdiction to consider Rule 19 issue because "[w]e have squarely held that a district court may raise the issue of nonjoinder sua sponte"); *Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir.1986) ("[A] Rule 19 objection can even be noticed on appeal by the reviewing court sua *sponte.*"); *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) (Rule 19 issue "is sufficiently important that it can be raised at any stage of the proceedings—even sua sponte."); *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir. 1980) (in banc) ("[A]n appellate court should consider, on its own motion, any plausible argument that the interest of an absent party requires that party's join-

der."). Therefore, although the district court erroneously permitted non-party Visa to file a motion to dismiss under Rule 19, the district court was not precluded from considering the issue on its own accord. Since appellate courts have an equal duty to consider compulsory joinder issues sua sponte and ensure that indispensable parties are adequately protected, we will interpret the district court's decision to entertain Visa's "motion" as an exercise of its duty to examine Rule 19 issues on its own initiative and will reach the merits of the Rule 19 Order *if* appellate jurisdiction exists to review that Order.

■ We agree with MasterCard that the appeal of the Rule 19 Order originally filed by Visa is an uncertified interlocutory appeal that does not fit within the exception created by the collateral order doctrine. The denial of a motion to dismiss is not a final order and is therefore only appealable under the collateral order doctrine. *See Bernard v. County of Suffolk*, 356 F.3d 495, 501 (2d Cir.2004); *see also Merritt v. Shuttle, Inc.*, 187 F.3d 263, 267 (2d Cir.1999) ("Generally speaking, an order denying a motion to dismiss is interlocutory and hence nonappealable."); *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 89 L.Ed. 911 (1945) ("[D]enial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable."), *superseded by statute on other grounds.*

■ The collateral order doctrine is a "narrow exception to the general rule that interlocutory orders are not appealable as a matter of right." *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir.1995). An interlocutory order is appealable under the collateral order doctrine only if it satisfies all of the following conditions: (1) it "conclusively determine[s] the disputed question"; (2) it "resolve[s] an important

issue completely separate from the merits of the action;" and (3) it is "effectively unreviewable on appeal from a final judgment." *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir.1999) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). The appeal of the Rule 19 Order originally filed by Visa fails the third prong of this test. As Visa has amply demonstrated by its filing of a second appeal, the Rule 19 Order is not "effectively unreviewable on appeal from a final judgment." The second appeal challenges the district court's denial of Visa's motion to intervene. "It is settled law that this Court has jurisdiction over an order denying intervention." *United States v. Peoples Benefit Life Ins. Co.,* 271 F.3d 411, 413 (2d Cir.2001) (citing *N.Y. News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir.1992) ("Because a district court's order denying intervention is a final order, we have appellate jurisdiction.")); *see also Ionian Shipping Co. v. British Law Ins. Co.,* 426 F.2d 186, 189 (2d Cir.1970) ("[T]he proper and sensible course is to assume that an order denying intervention is final for the purposes of appeal ...."). Since the substance of the Rule 19 Order is reviewable on appeal of the Rule 24 Order, Visa's original appeal of the Rule 19 Order does not satisfy the collateral order exception and is accordingly dismissed for lack of jurisdiction.

■ We therefore turn our attention to the second appeal filed by Visa. As indicated above, we have jurisdiction to review the denial of a motion to intervene. *See Peoples Benefit Life Ins.,* 271 F.3d at 413; *Kheel,* 972 F.2d at 485. Once appellate jurisdiction is established, "we may simultaneously consider another issue not itself entitled to interlocutory review if the otherwise unappealable issue is inextricably intertwined with the appealable one, or if review of the otherwise unappealable issue is necessary to ensure meaningful review of the appealable one." *Merritt,* 187 F.3d at 268–69 (internal quotation marks omitted). We find review of the district court's Rule 19 Order is necessary to ensure meaningful review of the Rule 24 Order. As we explained in *Merritt,* "[t]he existence of subject matter jurisdiction goes to the very power of the district court to issue the rulings now under consideration ... [O]ur review of the district court's order ... would be meaningless if the district court was without jurisdiction over that claim in the first instance." *Id.* at 269 (citing *U.S. Catholic Conference v. Abortion Rights Mobilization,* 487 U.S. 72, 77, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988)); *see also San Filippo v. United Bhd. of Carpenters and Joiners of Am.,* 525 F.2d 508, 513 (2d Cir.1975) ("Where ... there is an appeal otherwise properly before this Court, and the absence of subject matter jurisdiction is suggested, that issue may be reviewed."), *superseded by statute on other grounds.* Thus, in *Merritt,* we first reviewed the otherwise unappealable denial of the defendant's motion to dismiss for lack of subject matter jurisdiction because it was necessary to ensure meaningful review of the order that was properly before the court. 187 F.3d at 269. The same situation is before us. If the district court's ruling that Visa is not a necessary and indispensable party is erroneous, then, because Visa's joinder would destroy diversity jurisdiction, the underlying action must be dismissed for lack of subject matter jurisdiction. Thus, because the Rule 19 Order implicates the district court's subject matter jurisdiction over this litigation, we must first examine the correctness of this ruling before we turn to the merits of the Rule 24 Order. *See, e.g., Filetech S.A. v. Fr. Telecom S.A.,* 157 F.3d 922, 929 (2d Cir.1998) ("We are duty-bound, as was the district court, to address the issue of subject matter jurisdiction at the outset.");

*Saint John Marine Co. v. United States,* 92 F.3d 39, 43 (2d Cir.1996) ("We have the duty to determine whether subject matter jurisdiction exists even if the issue is not presented by the parties.").

## II. Rule 19 Order

■ We review the district court's failure to join a party under Rule 19 only for abuse of discretion. *See ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.,* 102 F.3d 677, 682 (2d Cir.1996). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Jonesfilm v. Lion Gate Int'l,* 299 F.3d 134, 139 (2d Cir.2002) (internal quotation marks omitted) (quoting *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir. 2001)). A party is "necessary" under Rule 19 if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). Visa contends that it fits within all three of these categories. We disagree.

### A. Rule 19(a)(1)

■ A party is necessary under Rule 19(a)(1) only if in that party's absence "complete relief cannot be accorded *among those already parties.*" Fed.R.Civ.P. 19(a)(1) (emphasis added). Visa's absence will not prevent the district court from granting complete relief between Master-Card and FIFA. Visa argues that without it in the case, MasterCard can receive only partial relief because Visa still holds contractual rights to the sponsorship rights and will file suit against FIFA to enforce the Visa Contract.[5] While there is no question that further litigation between Visa and FIFA, and perhaps MasterCard and Visa, is inevitable if MasterCard prevails in this lawsuit, Rule 19(a)(1) is concerned only with those who are already parties. MasterCard can obtain complete relief *as to FIFA* without Visa's presence in the case. If MasterCard prevails and is granted its requested relief, FIFA will be enjoined from awarding the sponsorship rights to another party, including Visa. This will resolve the dispute between MasterCard and FIFA, and Visa's presence is unnecessary to decide those questions. Thus, Visa is not a necessary party under Rule 19(a)(1).[6]

### B. Rule 19(a)(2)(i)

We find no abuse of discretion in the district court's conclusion that Visa was not a necessary party under Rule

---

**5.** MasterCard argues that Visa did not articulate this theory to the district court and therefore cannot raise it here for the first time. As we discussed above, Rule 19 issues may be raised for the first time on appeal, and therefore we need not decide whether Visa properly raised this argument below.

**6.** In addition, there is no dispute that complete relief can be granted without Visa's presence if FIFA prevails in the underlying lawsuit.

19(a)(2)(i). Visa claims that because MasterCard seeks to enjoin FIFA from performing the Visa Contract, its interests are clearly implicated and it is therefore entitled to appear in this litigation. Visa relies primarily on this court's decision in *Crouse–Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690 (2d Cir.1980), which it characterizes as controlling here.[7] In *Crouse–Hinds*, the defendant asserted a counterclaim alleging that a proposed merger between the plaintiff and a third party, Belden, was unfair under the business judgment rule because it lacked any legitimate business purpose and was entered into solely to defeat the defendant's tender offer. *Id.* at 697 & n. 15. The counterclaim sought to enjoin the merger. *Id.* On appeal of the district court's grant of a preliminary injunction, this court noted its disagreement with the district court's conclusion that Belden was not a necessary party to the action because "Belden's rights [under the merger agreement] would clearly be prejudiced if the relief sought by InterNorth were to be granted." *Id.* at 700–01 (citing *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir.1975) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.")).

Visa's reliance on this case is misplaced. In *Crouse–Hinds*, the actual contract involving the absent third party was the basis of the claim. The counterclaim specifically challenged the validity of the merger agreement and sought to set aside that agreement. If the defendant prevailed on this counterclaim, the merger agreement would be deemed invalid, which would presumably affect Belden's ability to then sue for breach of that agreement or invoke any of the protections in that agreement. Thus, non-party Belden was faced with the possibility of having its contract terminated in its absence. In contrast, in this case, while the Visa Contract may be affected by this litigation, it is not the contract at issue in MasterCard's lawsuit. The underlying litigation involves the MasterCard Contract and whether MasterCard had a right of first refusal to the World Cup sponsorship rights. Even if MasterCard prevails and receives the relief it seeks, that does not render the Visa Contract invalid. It means that FIFA likely has breached the warranty provision of that contract, and Visa has the right to sue FIFA for that breach.

Furthermore, in *Crouse–Hinds*, because the absent non-party was a party to the contract at issue, its ability to protect its interest in that contract would have been seriously impaired if it were not made a party to the action. This places the absentee non-party in *Crouse–Hinds* in a distinctly different position from Visa, whose contract with FIFA is not at issue here. As the district court correctly found, Visa's ability to protect its interest in its contract

---

7. For its part, MasterCard contends that this case is governed by our decision in *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677 (2d Cir.1996). We do not agree that *ConnTech* is applicable here. While that case did state the general rule that a "nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract," the absent non-party in that case, the State of Connecticut, had explicitly disclaimed any interest in the proceeding or in the contracts at issue in the litigation by deliberately including language in the contracts that appeared to disavow any such interest. *Id.* at 682–83. Thus, the court found that the "express language of [the contract at issue] clearly demonstrates that Connecticut, ConnTech and UCEPI all intended to keep Connecticut at arm's length." *Id.* at 683. In this case, of course, Visa has vigorously claimed an interest in the underlying lawsuit.

with FIFA will not be impaired if is not joined here. The primary flaw in Visa's argument is that it has construed Rule 19(a)(2)(i) to extend to any party whose interests would be impaired or impeded by a litigation. This overlooks a key element of the definition of "necessary" party under Rule 19(a)(2)(i). It is not enough under Rule 19(a)(2)(i) for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under Rule 19(a)(2)(i) are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation. *See* Fed.R.Civ.P. 19(a)(2) (defining necessary party as one with an "interest relating to the subject of the action and is so situated that the disposition of the action *in the person's absence* may . . . as a practical matter impair or impede the person's ability to protect that interest" (emphasis added)). Thus, while Visa may have an interest that would be impaired by the outcome of this litigation, Visa still does not qualify as a necessary party under Rule 19(a)(2)(i) because the harm Visa may suffer is not *caused by* Visa's absence from this litigation. Any such harm would result from FIFA's alleged conduct in awarding Visa sponsorship rights it could not legally give. We would be significantly broadening both Rule 19(a)(2)(i) and the principle discussed in *Crouse–Hinds* if we found that because the outcome of this case may impact a separate contract involving a different party, that finding would transform the action into "an action to set aside a lease or a contract." *Crouse–Hinds,* 634 F.2d at 701 (quoting *Lomayaktewa,* 520 F.2d at 1325). *Crouse–Hinds* involved an actual action to set aside a contract; here we have an action that could in the future impact a third party's rights under a separate contract.

We, therefore, do not find Crouse–Hinds controlling here and decline to broaden its scope to reach the facts before us, particularly since doing so would read a key element out of the text of Rule 19(a)(2)(i).

Visa also relies on several cases that recite the general proposition that a party who claims title to a piece of property that is the subject of an action has sufficient interest in the action to justify compulsory joinder, and urges us to follow that reasoning here. Visa attempts to characterize this case as if it were a proceeding to determine the rightful owner of a piece of property to which MasterCard and Visa have competing claims. While we have held in cases involving this factual scenario that all claimants to the property at issue are necessary parties to the action, *see, e.g., Brody v. Village of Port Chester,* 345 F.3d 103, 117–19 (2d Cir.2003) (holding that in action by property owner to recover land taken by eminent domain, current titleholder to land might be necessary party if district court were to restore land to plaintiff); *Kulawy v. United States,* 917 F.2d 729, 736 (2d Cir.1990) (holding that in an action to quiet title by aggrieved tax payer against government seeking to recover automobiles sold to satisfy tax lien, purchasers of automobiles were necessary parties), we do not find this reasoning applicable here. In *Brody* and *Kulawy,* the district courts were required to determine who among several parties had title to a piece of property. Thus, the district court could not grant the relief sought— declaring the plaintiff the titleholder—in the absence of the current or competing titleholders to that piece of property. As MasterCard correctly notes, the Master-Card–FIFA dispute is not an *in rem* proceeding between competing claimants with the district court tasked with deciding who has superior rights to a piece of property. The district court only need decide wheth-

er MasterCard has a right of first refusal under its prior contract with FIFA. While this has the *effect* of determining who will get the sponsorship rights, that does not transform this case into an in rem proceeding nor does it place Visa in the same position as MasterCard as a competing claimant. Unfortunately for Visa, there is nothing it can do about the fact that MasterCard's prior contractual rights with FIFA may preclude FIFA's ability to grant the sponsorship rights to Visa. Visa's problems here are due to FIFA's alleged actions, not Visa's absence from this litigation. Nor will its absence prevent Visa from seeking the only remedy available to it if MasterCard indeed has a right of first refusal to the sponsorship rights: Visa can sue FIFA for breach of the warranty provision in the Visa Contract. For these reasons, we find the district court properly rejected Visa's contention that it is a necessary party under Rule 19(a)(2)(i).

## C. Rule 19(a)(2)(ii)

The district court's conclusion that Visa does not satisfy Rule 19(a)(2)(ii) is also not an abuse of discretion. Visa presents us with the following scenario: MasterCard prevails in the underlying lawsuit and is granted injunctive relief that prohibits FIFA from performing its obligations under the Visa Contract; Visa then sues FIFA for breach of the warranty provision in the Visa Contract seeking specific performance; Visa prevails and is granted specific performance requiring FIFA to perform its obligations under the Visa Contract. According to Visa, the possibility exists that FIFA could be under court order to perform the Visa Contract and under court order not to perform the Visa Contract, and this potential for inconsistent obligations renders Visa a necessary party to this litigation. Once again, Visa is ignoring a critical element in Rule 19(a)(2)(ii): the substantial risk of inconsistent obligations must be *caused by* the nonparty's absence in the case. *See* Fed. R.Civ.P. 19(a)(2) (defining necessary party as one with an interest related to the action who "is so situated that the disposition of the action *in the person's absence* may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest" (emphasis added)). FIFA's risk of multiple obligations to different parties is not a result of Visa's absence in this lawsuit; it is the result of FIFA allegedly breaching its contract with MasterCard and awarding Visa sponsorship rights it was contractually prohibited from granting. Visa's presence in this lawsuit will not remedy that fact. Whether Visa is or is not a party in the underlying lawsuit, FIFA and Visa will litigate *their* dispute under *their* contract later on down the road if MasterCard prevails here. Visa cannot re-litigate and undo a finding in this case that the MasterCard Contract contains a right of first refusal or that FIFA breached its contract with MasterCard since these issues admittedly have nothing to do with Visa.

We are also not persuaded that the scenario envisioned by Visa, in which the court below enjoins FIFA from performing the Visa Contract while a subsequent court orders FIFA to perform the Visa Contract, presents a "substantial risk" of inconsistent obligations, as required by Rule 19(a)(2)(ii). It is difficult to believe that a subsequent tribunal faced with a party under a prior court-ordered injunction will nevertheless order that party to perform the very obligations a prior court has prohibited it from performing. While Visa is correct that *it* will not be bound by any injunction entered in the underlying litigation in its absence, FIFA is certainly bound by any such injunction and a subse-

quent proceeding will have to recognize and respect the injunction ordered by the district court in this case. It is worth noting that FIFA, the party supposedly facing this grave predicament, has not advanced the argument that it would be prejudiced by Visa's absence from this case. FIFA never raised the Rule 19 defense before the district court, it did not join in Visa's motion below, and it has not participated in any way in the proceedings before this court. If FIFA actually believed it would suffer prejudice if Visa is not a party in this case, it surely would have had something to say on this point.

For these reasons, we cannot say that the district court's conclusion that Visa is not a necessary party under Rule 19(a)(2)(ii) was an abuse of discretion. Having found that Visa satisfies none of the three criteria for compulsory joinder, we affirm the district court's decision that Visa is not a necessary party under Rule 19(a).

### D. Rule 19(b)

■ The district court also found that even assuming Visa were a necessary party, it was not indispensable under Rule 19(b). Since we affirm the district court's conclusion that Visa is a not a necessary party, we need not discuss whether the district court properly found that Visa was not an indispensable party. *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir.2000) ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)."); *see also Jonesfilm*, 299 F.3d at 139 ("A party cannot be indispensable unless it is a 'necessary party' under Rule 19(a)."). Accordingly, we reject the challenge to the district court's subject matter jurisdiction over the underlying action.

### III. Rule 24 Order

■ We now turn to the district court's order denying Visa's motion to intervene under Rule 24. Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994). The district court found that Visa's motion was untimely. *See MasterCard*, 2006 WL 3065598, at *1–2. The district court also noted that, for the reasons stated at the hearing on the Rule 19 motion, Visa failed to satisfy the other conditions as well. *Id.* at *3. We will reverse a district court's denial of a motion to intervene only for abuse of discretion. *See Pitney Bowes*, 25 F.3d at 69 (noting that deferential review is appropriate since motions to intervene are fact-intensive inquiries and a district court "has the advantage of having a better 'sense' of the case than we do on appeal").

■ We find no abuse of discretion in the district court's decision to deny Visa's motion to intervene. First, even assuming Visa's motion was timely, if a party is not "necessary" under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2). As Visa conceded during oral argument, these provisions contain overlapping language and thus if it failed to satisfy Rule 19(a), it could not satisfy Rule 24(a)(2). Rule 19(a)(2)(i) applies if a person "claims an interest relating to the subject of the action and is so situated that the disposition

of the action in the person's absence may as a practical matter impair or impede the person's ability to protect that interest." Similarly, Rule 24(a)(2) provides for intervention as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." These rules are intended to mirror each other. *See* Fed.R.Civ.P. 24 advisory committee's note ("Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(2)(i). . . . The [1966] amendment provides that an applicant is entitled to intervene in an action when his position is comparable to that of a person under Rule 19(a)(2)(i)."); 4 James Wm. Moore et al., *Moore's Federal Practice—Civil*, § 19.03(3)(f)(i) (3d ed. 2006) ("[C]ompulsory joinder under the 'impair or impede' clause of Rule 19 serves the same goal as intervention of right under Rule 24. Indeed, the operative language of the two Rules is identical because the Rules were revised to emphasize their interrelationship in 1966.") (internal citation omitted). As we discussed in Section II.B *supra*, Visa does not satisfy the definition of necessary party under Rule 19(a)(2)(i) because its absence from this litigation is not the cause of any harm to its interests. Nor will Visa's presence allow it to protect those interests. This finding also forecloses Visa's ability to intervene under Rule 24(a)(2). Visa must establish not only that it has an interest relating to the subject of the action but also that it "is so situated that *without intervention* the disposition of the action may, as a practical matter, impair or impede [Visa's] ability to protect its interest." *Pitney Bowes*, 25 F.3d at 70 (emphasis added). Visa's ability to protect its inter-

est will not be impaired or impeded *because* it is denied intervention in this case. As we have discussed, any harm to Visa's interests would result from FIFA's alleged conduct in breaching its contract with MasterCard and granting the sponsorship rights to Visa. And Visa cannot change this fact through intervention here since it is a stranger to the contractual dispute between MasterCard and FIFA.

 Furthermore, we agree with the district court that Visa's motion to intervene was untimely. Factors to consider in determining timeliness include: "(a) the length of time the applicant knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987). The district court properly found that these factors weigh against Visa. First, as the district court noted, Visa has known of MasterCard's position that it has prior claim to the sponsorship rights since the time this litigation began in April 2006. Visa has been in contact with FIFA throughout the course of this litigation, and MasterCard's complaint and other filings, including its motion for preliminary injunctive relief filed in June, are publicly available for anyone to access. Nevertheless, Visa did not file its motion to intervene until the eve of the preliminary injunction hearing. *See, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir.2001) (noting that "[a]ppellant offers no explanation for waiting to file his intervention motion until three days prior to the Fairness Hearing" in finding motion to intervene untimely). Considering that Visa argued in support of its Rule 19 motion that it has a significant interest in this

litigation that will be gravely prejudiced if the matter proceeds in its absence, the district court could properly find Visa's delay unjustified. Second, Visa's delay has resulted in prejudice to the existing parties because it has postponed resolution of the MasterCard–FIFA dispute, which, due to the impending January 1, 2007, trigger date for the Visa Contract, prejudices all parties. Finally, as we have discussed at length, Visa is not prejudiced if it is denied intervention since its absence from the litigation is not the cause of any harm Visa may suffer if MasterCard prevails in this lawsuit.

■ Accordingly, the district court could properly find Visa's motion to intervene untimely. For this reason, we also find no abuse of discretion in the district court's decision denying Visa permissive intervention under Rule 24(b). "A motion for permissive intervention, like one for intervention of right, must be timely." *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 234 (2d Cir.1996); *see also NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."). Thus, we affirm the district court's order denying Visa's motion to intervene under Rule 24.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal originally filed by Visa of the district court's Rule 19 Order, reject Visa's argument that the district court lacks subject matter jurisdiction because Visa is a necessary and indispensable party, affirm the district court's Rule 24 Order, vacate the stay previously granted by this court, and remand the matter to the district court.