**ARISTOCRAT LEISURE LIMITED, Plaintiff,**

v.

**DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee, Defendant,**

**KBC Financial Products UK Ltd, KBC Investments Hong Kong Ltd, KBC Alpha Master Fund SPC KBC Convertible Arbitrage Fund, KBC Alpha Master Fund SPC KBC Convertible Opportunities Fund, KBC Alpha Master Fund SPC KBC Multi–Strategy Arbitrage Fund, KBC Convertibles MAC 28 Limited, Melody IAM Limited, Amaranth LLC, Alexandra Global Master Fund, Ltd., UFJ International PLC, Deephaven International Convertible Trading, Ltd., Calamos Advisors LLC on Behalf of Calamos Growth and Income Fund, Calamos Global Growth and Income Fund and Certain Other Institutional Clients, CQS Convertible and Quantitative Strategies Master Fund Ltd., D.E. Shaw Investment Group, LLC, D.E. Shaw Valence International, Inc, QVT Fund LP, Lehman Brothers International (Europe), Deutsche Bank AG, London Branch, Intervening Defendants.**

**No. 04 Civ. 10014(PKL).**

United States District Court, S.D. New York.

Oct. 20, 2009.

---

Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Mark C. Hansen, Esq., James M. Webster, III, Esq., Rebecca A. Beynon, Esq., Washington, DC, for the Plaintiff.

Cleary Gottlieb Steen & Hamilton L.L.P, Evan A. Davis, Esq., David H. Herrington, Esq., New York, NY, for the Intervening Defendants, other than Deutsche Bank AG, London Branch.

Davis Polk & Wardwell, James P. Rouhandeh, Esq., James I. McClammy, Esq., New York, NY, for the Intervening Defendant, Deutsche Bank AG, London Branch.

### OPINION AND ORDER

LEISURE, District Judge.

KBC Investments Hong Kong Limited seeks to be added as a party pursuant to Federal Rule of Civil Procedure ("Rule") 15(B)(1); or in the first alternative to be joined as a real party in interest pursuant to Rule 17(a)(3); or in the second alternative seeks to intervene as a defendant pursuant to Rule 24.

On December 20, 2004, Aristocrat Leisure Limited ("Aristocrat"), an Australian corporation that manufactures gaming machines, instigated litigation against Deutsche Bank Trust Company Americas (the "Trustee"), seeking declaratory judgment that Aristocrat's right to redeem certain convertible bonds came into being on November 22, 2004, and that Aristocrat had called for redemption on December 20, 2004, terminating the right to convert the bonds and requiring the Trustee to redeem the bonds. On March 30, 2005, this Court allowed various corporations organized in England, the Caribbean, and the United States (Delaware) to intervene as of right in the lawsuit between Aris-

tocrat and the Trustee. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 U.S. Dist. LEXIS 5378, at *12, 2005 WL 751914, at *4 (S.D.N.Y. Mar. 30, 2005) (Leisure, J.). These intervening defendants, collectively referred to as the "Bondholders," consist of institutional entities that own a substantial majority of the outstanding bonds at issue.

Currently before the Court is a dispute as to whether one of these institutional entities, KBC Investments Hong Kong Limited ("KBC HK"), may be added as an official party to this lawsuit. For the reasons set forth below, KBC HK's motion to intervene is GRANTED.

## I. *Facts*

### A. Relevant History

The Court assumes familiarity with the facts and allegations as stated in the Court's many prior decisions in this action.[1] Accordingly, the Court only discusses those facts that are essential to the resolution of the instant motion.

The facts relevant to this dispute are highly unusual. On March 30, 2005, this Court permitted thirteen institutional entities to intervene in the underlying lawsuit brought by Aristocrat against the Trustee. *See id.* Four of these intervening defendants were KBC-related entities: KBC Financial Products UK Ltd. ("KBC UK"), KBC Alpha Master Fund spc KBC Convertible Arbitrage Fund, KBC Alpha Master Fund spc KBC Convertible Opportunities Fund, and KBC Alpha Master Fund spc KBC Multi–Strategy

Arbitrage Fund. *Id.* at *1. By Stipulation and Order dated October 3, 2006, two more KBC-related entities, KBC Convertibles MAC 28 Limited and Melody IAM Limited, were permitted to intervene as defendants. (*See* Stipulation and Order, dkt. no. 136, filed 10/3/2006.) There is no dispute that these six KBC-related entities are parties to this action. There also is no dispute that KBC HK never was joined as a party.

Despite not being officially joined as a party, the claims presently asserted by KBC HK have been well known to Aristocrat for years as claims asserted on KBC HK's behalf by its affiliate, KBC UK. Additionally, and somewhat paradoxically, KBC HK has been treated, both by Aristocrat and by the Bondholders, as an actual and independent party to this lawsuit at various relevant junctures in this case. For example, the Intervening Defendants' Motion For Summary Judgment On The Issue Of Damages included a claim for damages allegedly sustained by KBC HK, as well as a table quantifying these alleged harms. (*See* Decl. of Jordana E. Lambert in Supp. of KBC HK's Mem. of Law in Supp. of Its Mot. to be Added as a Party Pursuant to Fed. Rules of Civ. Proc. 15(b)(1) and 17(a)(3) ("Lambert Decl.") Ex. B at 4.) In addition, KBC HK submitted a declaration in support of the Intervening Defendants' Motion For Summary Judgment On The Question Of Breach And Remedies, in which KBC HK provided a copy of its conversion notice. (*See* Decl. of Darren Carter in Supp. of Int. Defs.' Mot. for Summ. J., dkt. no. 68.) In August 2006, Aristocrat signed a Receipt and Release Agreement with KBC HK that specifically acknowledged KBC HK as "one of

---

1. *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2009 WL 3321047 (S.D.N.Y. Oct. 8, 2009) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2009 WL 3111766 (S.D.N.Y. Sept. 28, 2009) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2009 WL 2972518 (S.D.N.Y. Sept. 16, 2009) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 618 F.Supp.2d 280 (S.D.N.Y.2009) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2007 U.S. Dist. LEXIS 9521, 2007 WL 404768 (S.D.N.Y. Feb. 5, 2007) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2007 U.S. Dist. LEXIS 9517, 2007 WL 404768 (S.D.N.Y. Feb. 5, 2007)

(Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2006 U.S. Dist. LEXIS 80055, 2006 WL 3103481 (S.D.N.Y. Nov. 2, 2006) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2006 U.S. Dist. LEXIS 34709, 2006 WL 1493132 (S.D.N.Y. May 30, 2006) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F.Supp.2d 125 (S.D.N.Y. 2005) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 U.S. Dist. LEXIS 16788, 2005 WL 1950116 (S.D.N.Y. Aug. 12, 2005) (Leisure, J.); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, No. 04 Civ. 10014, 2005 U.S. Dist. LEXIS 5378, 2005 WL 751914 (S.D.N.Y. Mar. 30, 2005) (Leisure, J.).

the Intervening Defendants" in this action. (Lambert Decl. Ex. C. at 1.) More recently, KBC HK was listed as a party in the Joint Final Pretrial Order that was signed by counsel for the parties (*see id.* Ex. D at 3, 4) and in the proposed voir dire questions Aristocrat filed prior to trial (*see id.* Ex. E at 2).

Relevant discovery has been conducted on KBC HK's claims in this case. Aristocrat deposed Andrew Calvy, the head trader for both KBC HK and KBC UK on the hedging strategy of both entities. (*See id.* Ex. F.) Aristocrat received interrogatory responses from KBC UK that identified KBC HK's purchases of bonds and its short position strategies—the issues most relevant to the present trial. (*See* Lambert Decl. Exs. G–J.) Furthermore, Aristocrat has had the opportunity during the course of trial to conduct a vigorous and thorough examination of Trevor Mathews, KBC HK's designated corporate representative.

### B. The Pending Motion

The present dispute arose when, on September 22, 2009, less than two weeks before the start of trial, counsel for the Bondholders notified the Court and Aristocrat that KBC HK desired to transfer its rights in this litigation to KBC UK. (*See* Bondholders' Letter, Sept. 22, 2009.[2]) Over the course of numerous letters that followed, a dispute arose concerning whether KBC HK was an actual party to this action. The Court held a telephonic conference with the parties on October 2, and held further discussions with the parties on the morning of October 5, prior to the start of the first day of trial. After considering arguments from both sides, the Court permitted KBC HK to provisionally present evidence at trial and indicated that. the determination of whether the jury ultimately would consider the claims related to

2. The Court has docketed this letter.

3. It is unclear whether KBC HK seeks only to intervene pursuant to Rule 24(a) (intervention of right) or also seeks intervention pursuant to Rule 24(b) (permissive intervention). The parties focus solely on the issue of timeliness, a prerequisite for both forms of intervention under Rule 24. *Compare* Fed. R. Civ. Proc. 24(a) ("On timely motion . . ."), *with* Fed. R. Civ. Proc. 24(b) ("On timely motion . . ."). The Court notes that al-

KBC HK would depend upon the outcome of the present motion. (*See* Oct. 5, 2009 Record ("R.") at 5:12–9:17.)

### II. Applicable Law

KBC HK points to three separate provisions of the Federal Rules of Civil Procedure to support its claim that it should be added as a party to this dispute: Rule 15(b)(1), Rule 17(a)(3), and Rule 24. (*See* KBC HK's Mem. of Law in Supp. of Its Mot. to be Added as a Party Pursuant to Fed. Rules of Civ. Proc. 15(b)(1) and 17(a)(3) ("KBC HK Mem.") 5–8; KBC HK's Reply Mem. of Law in Supp. of Its Mot. to be Added as a Party Pursuant to Fed. Rules of Civ. Proc. 15(b)(1) and 17(a)(3) ("KBC HK Reply Mem.") 2–6.)

KBC HK contends that Rule 15(b)(1) has been interpreted liberally to permit courts to substitute parties during the course of trial. (*See* KBC HK Mem. 5–6.) KBC HK similarly argues that Rule 17(a)(3) has been interpreted to permit the addition of a real party in interest as a plaintiff when the party's claim has been fully presented by an entity that already is a party to the dispute. (*See id.* at 7–8.) While there may be some rationale for looking to Rule 15(b)(1) or Rule 17(a)(3) in the present circumstances, applying either of these Rules to what is clearly a request of a non-party to intervene in an ongoing lawsuit seems illogical and unnecessarily complicated in light of the well-established procedure for intervention pursuant to Rule 24. *See MasterCard Int'l v. Visa Int'l Serv. Ass'n,* 471 F.3d 377, 382 (2d Cir.2006) ("[Rule 24] provides the mechanism by which non-parties who believe they have a valid and sufficient interest in a litigation can assert their rights" and "explicitly contemplates motions by non-parties."). Rule 24(a), which provides for intervention as of right, is the applicable rule in these circumstances.[3]

though KBC HK has met the requirements for intervention as of right, permissive intervention also would be appropriate, as KBC HK has brought a "timely motion" that will not "unduly delay or prejudice the adjudication of the original parties' rights" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1) & (3); *see also United States v. Pitney Bowes, Inc.,* 25 F.3d 66, 73 (2d Cir.1994) ("The

Courts applying Rule 24 "accept as true the non-conclusory allegations of the motion" and must be mindful that "each intervention case is highly fact specific and tends to resist comparison to prior cases." *Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc.*, No. 05–CV–3634, 2007 WL 749737, at *3 (E.D.N.Y. Mar. 7, 2007) (internal citations and quotation marks omitted). Notwithstanding the need for a fact-specific inquiry, the requirements that a party seeking intervention of right must meet are well-established.

Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties. *MasterCard Int'l*, 471 F.3d at 389 (citing *Pitney Bowes*, 25 F.3d at 70). "Denial of the motion to intervene is proper if any of these requirements is not met." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir.2001).

The second, third, and fourth prongs are not in dispute here.[4] The first prong, that the motion is timely, is a threshold requirement that "defies precise definition, although it certainly is not confined strictly to chronology." *Pitney Bowes*, 25 F.3d at 70. Timeliness is a requirement that "is flexible and the decision is one entrusted to the district judge's sound discretion." *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594–95 (2d Cir.1986), *rev'd on other grounds by Spallone v. United States*, 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990). "Among the circumstances generally considered" in deciding whether a motion to intervene is timely "are: (1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *Pitney Bowes*, 25 F.3d at 70. District courts use these four factors as a guide, but the determination of whether a motion to intervene is timely must be "evaluated against the totality of the circumstances before the court." *D'Amato*, 236 F.3d at 84 (internal citation and quotation marks omitted).

### III.  Application of Rule 24

■ Aristocrat focuses on the first factor of the test for timeliness—the length of time the applicant had notice of its interest before moving to intervene. Aristocrat contends that, at a minimum, KBC HK has been aware of this action since October 2005, yet it has waited until only days before trial to assert its claim and waited until the first day of trial to file papers seeking to join the action. (*See* Aristocrat's Opp'n to Mot. of KBC HK to be Added as a Party Pursuant to Fed. Rules of Civ. Proc. 15(b)(1) and 17(a)(3) ("Aristocrat Opp'n") 10.) In response, KBC HK agrees that "it has been aware of its position in Aristocrat bonds since it bought them," but the "failure to formally intervene is entirely excused by the fact that the delay was caused by KBC HK's reliance on the apparent acquiescence of Aristocrat in treating KBC HK as a claimant" at numerous points in this litigation. (KBC HK Reply Mem. 5–6.)

Under the present circumstances there is an important overlap between the first factor of the four-part test, the length of time the applicant had notice of the claims, and the fourth factor, the existence of "unusual circumstances justifying [an applicant's] delay

principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.' ") (citing previous version of Fed. R. Civ. Proc. 24(b)(3)).

**4.** Although the parties do not contest the three remaining factors necessary for intervention pursuant to Rule 24(a)(2), the Court, nonetheless,

notes that KBC HK's claims meet these requirements: the claims clearly relate to the property and transaction that is the subject matter of the underlying action; the disposition of the action will impair or impede KBC HK's ability to protect its interest; and the existing parties do not adequately represent KBC HK's interest. *See MasterCard Int'l*, 471 F.3d at 389.

in filing for intervention." *Pitney Bowes*, 25 F.3d at 73. In most instances, a motion to intervene based on a claim that was known, but not acted upon, for a period of years would be untimely. *See MasterCard Int'l*, 471 F.3d at 390–91 (finding a delay of less than one year untimely). This case, however, presents the highly unusual circumstance of a proposed intervenor that has a reasonable explanation for its prolonged delay in seeking intervention. As explained *supra*, KBC HK was treated as a party by both Aristocrat and the Bondholders at various key points throughout this litigation, including in papers submitted both early in this lawsuit and directly before the start of trial. KBC HK was listed as a party in the Joint Final Pretrial Order without any objection from Aristocrat, and was listed as a party in Aristocrat's proposed voir dire questions. Even when it was not listed as a party, the claims of KBC HK have been well known to. Aristocrat as claims asserted under the guise of KBC UK. The highly unusual circumstances of this case also are reflected in KBC HK's argument, which the Court finds credible, that were it not for a flurry of pre-trial correspondence addressing related issues, the claims of KBC HK likely would have been presented at trial without objection. (*See* KBC HK Reply Mem. 6.)

This well-reasoned explanation for not seeking intervention at an earlier date distinguishes the present circumstances from the Second Circuit precedent relied on by Aristocrat, where no justification was given for a party's delay in seeking intervention. *See, e.g., D'Amato*, 236 F.3d at 84 (affirming district court's finding that motion to intervene was untimely where the proposed intervenor "offer[ed] no explanation for waiting to file his intervention motion"). In applying the first and fourth factors of the four-part guide used by this Circuit to determine whether a motion to intervene is timely, it is evident that the highly unusual circumstances of KBC HK's position militate in favor of permitting intervention.

■ The second and third factors of the four-part test used to determine timeliness clearly favor KBC HK. The second factor requires the Court to determine whether permitting KBC HK to intervene would prejudice the existing parties to the lawsuit, i.e., Aristocrat and the Bondholders. *See Pitney Bowes*, 25 F.3d at 70, 72. Aristocrat argues that if intervention is permitted, it would be unfairly prejudiced by having to resume discovery as to KBC HK. (*See* Aristocrat Opp'n 11.) KBC HK responds that Aristocrat does not identify a single issue on which further discovery is needed and, more to the point, Aristocrat "has all the relevant information about KBC HK's claim that is being asserted in this trial." (KBC HK Reply Mem. 3.)

The Court agrees with KBC HK. Aristocrat offers no support for its conclusory argument that, despite being aware of the facts underlying KBC HK's claims and the discovery that has taken place concerning these claims, permitting KBC HK to intervene will cause it undue prejudice. In addition to the pre-trial discovery concerning KBC HK's claims, Aristocrat had an opportunity during the course of trial to examine thoroughly KBC HK's corporate representative. Based on these circumstances, the Court finds that permitting KBC HK to intervene in this lawsuit would cause little or no prejudice to Aristocrat.

■ The third factor of the four-part test, the extent of prejudice that KBC HK faces if intervention is denied, strongly militates in favor of permitting intervention. As KBC HK points out, it has prepared for months under the assumption that its claims were going to be presented at trial. (KBC HK Reply Mem. 5.) Now that trial has begun and KBC HK's claims have been presented, seemingly without prejudice to Aristocrat, forcing KBC HK to litigate its claims anew in a second trial would be a considerable waste of both the Court's and the parties' resources.

## IV. Conclusion

Based on the totality of the unusual circumstances presented by this case, the Court finds that KBC HK has satisfied the four-part test for intervention as of right under Rule 24(a)(2). For the foregoing reasons,

KBC HK's motion to intervene is GRANT-ED.[5]

**SO ORDERED.**

---

**5.** The Court notes that the case caption has been modified to include KBC HK as an Intervening Defendant.