NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IDS PROPERTY CASUALTY
INSURANCE COMPANY, a foreign
insurance company,

No.     16-35619

D.C. No. 6:14-cv-01344-MC

Plaintiff-Appellant,

MEMORANDUM*

v.

MICHELLE MULLINS and RYAN
MULLINS,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 18, 2018
Portland, Oregon

Before:  McKEOWN and PAEZ, Circuit Judges, and LASNIK,** District Judge.

IDS Property Casualty Insurance Company appeals the district court's award

of attorney's fees to its insured, Michelle Mullins. The district court found that

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

there was no controversy between Ms. Mullins and IDS, that the insurer sued its insured for no apparent reason, that the lawsuit was frivolous, and that fees were appropriate under ORS 20.105. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and procedural history of this case, we need not recount them here. IDS has not challenged the district court's dismissal of its claims against Ms. Mullins. Rather, it argues that even if the claims failed as a matter of law, the district court abused its discretion by awarding attorney's fees under ORS 20.105(1) because Ms. Mullins was a necessary party under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and/or Fed. R. Civ. P. 19(a)(1)(B). For purposes of the Declaratory Judgment Act, IDS' theory is that a policyholder "will inherently always have an interest in the outcome of the declaration of rights and obligations to that contract" because it may affect the interpretation of the policy terms and/or because a successful claim might trigger rescission of the policy or an increase in premiums. While there are undoubtedly circumstances in which a third-party claim may give rise to an actual controversy between the policyholder and the insurer, neither the case law nor the language of the Declaratory Judgment Act support the proposition that a policyholder must always be sued whenever a declaration regarding coverage is sought. See State

Farm Mut. Auto. Ins. Co. v. Morris, C15-0511ACK-KJM, 2016 WL 3947611 (D. Hawai'i, July 19, 2016).

The general principles of joinder set forth in Fed. R. Civ. P. 19 govern who must be made a party to a federal declaratory judgment action. See Annotation, 142 A.L.R. 8 (1943); 10 Fed. Proc., L. Ed. § 23:51 (2018). Under Rule 19(a)(1)(B), the possibility that the outcome of her son's claim for insurance benefits under her policy might be of interest to Ms. Mullins is not enough to make her participation necessary. MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 387 (2d Cir. 2006). Rather, IDS must show that Ms. Mullins had a specific interest that she would be unable to protect if the action proceeded without her. Ward v. Apple Inc., 791 F.3d 1041, 1049 (9th Cir. 2015); Bituminous Ins. Cos. v. Pa. Mfrs. Ass'ns Ins. Co., 427 F. Supp. 539, 547-48 (E.D. Pa. 1976).

In the circumstances presented here, Ms. Mullins had no interest that needed protecting. The insurance policy from IDS had already expired before IDS chose to sue Ms. Mullins. Even if a "resident relative" determination in litigation between her son and IDS could hypothetically bind Ms. Mullins in a future proceeding (a showing IDS has not made), there was no risk of rescission or premium increase here because the policy was no longer in effect. IDS' rescission claim was frivolous, and an insurer cannot manufacture an "actual controversy" for purposes of the Declaratory Judgment Act or an interest requiring protection under Rule

3

19(a) by asserting frivolous claims against its insured. The district court did not abuse its discretion when it determined that Ms. Mullins was not a necessary party to the coverage dispute between IDS and her son.

Relying on an outdated case, Mattiza v. Foster, 803 P.2d 723, 729 (Or. 1990), IDS also argues that, even if its claims were frivolous, the award of fees was improper in the absence of a finding that IDS acted in bad faith or for an improper purpose. Oregon law provides in relevant part:

> In any civil action . . . the court shall award reasonable attorney's fees to a party against whom a claim . . . is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim . . . upon a finding by the court that . . . there was no objectively reasonable basis for asserting the claim . . . .

ORS 20.105(1). The statute was amended in 1995 to delete the requirement that the losing party have "acted in bad faith, wantonly or solely for oppressive reasons" and to make the award of fees to the prevailing party mandatory upon a finding that the claim was objectively unreasonable. 1995 Or. Laws Ch. 618 (S.B. 385), § 2. See Kraft v. Arden, C07-0487PK, 2009 WL 73869, at *2 n.2 (D. Or. Jan. 8, 2009). It is now "well established that a party's subjective state of mind is not relevant to our analysis of the propriety of a fee award under ORS 20.105; even bad faith and improper motives are not relevant considerations in determining whether an award of attorney's fees is required . . . ." Minihan v. Stiglich, 311 P.3d 922, 935 (Or. App. 2013) (internal quotation marks and citation omitted). The

district court made all necessary findings and did not abuse its discretion in awarding fees under ORS 20.105.

**AFFIRMED.**

*IDS Property Casualty Ins. Co. v. Mullins*, No. 16-35619

JUN 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAEZ, Circuit Judge, concurring:

I agree with the majority that the district court properly found that "there was no objectively reasonable basis" for IDS's claims against Ms. Mullins. Or. Rev. Stat. § 20.105(1). I write separately only to clarify that the rules governing necessary parties are not dispositive with respect to IDS's rescission claim. As the only insured listed on the contract with IDS, Ms. Mullins was a necessary defendant for that claim. See Ward v. Apple Inc., 791 F.3d 1041, 1053 (9th Cir. 2015). Nonetheless, there was no objectively reasonable basis for the rescission claim on the merits. The complaint alleges rescission based solely on the terms of the contract, but the relevant terms remained operative only "during the policy period," which had expired prior to this action. Accordingly, the district court did not err in awarding Ms. Mullins attorney's fees under Or. Rev. Stat. § 20.105(1).